JOHN H. FOWLE *vs.* NEW HAVEN AND NORTHAMPTON COM-
PANY. ·

A judgment against a railroad corporation for damages not limited to those actually suf-
fered at the date of the writ, for locating and constructing their road on the bank of a
river so as to divert its course and cause it to wash away the plaintiff's land, is a bar to
a like action by him against them for subsequent damages from the same cause.

TORT.   Writ dated February 5, 1870.   The declaration al-
leged that the plaintiff " is the owner of a certain parcel of land situate in Northampton, bounded northerly by lands of the de-
fendants, easterly by Pleasant Street, southerly by lands of the heirs of the late George Cook, and westerly by Mill River ; that the said Mill River is a certain ancient stream and watercourse · and that the defendants have wrongfully so constructed their road-bed and road along the bank of the said river, and in, over and across the bed of the said river, and have so filled up with

earth, stones and other obstructions the bed and channels of the said river, where the water has from time immemorial been accustomed and ought to flow, that the current of water and the flow thereof has been changed and deflected from its usual and proper course, and directed and driven towards and against the westerly embankment of the plaintiff's above described parcel of land, and thereby undermined the same, and caused the disruption of a large portion of soil and earth therefrom, to wit, thirty thousand cubic feet of the said soil and earth, so that the same, falling into the stream, has been washed away, and the residue of the said parcel, by reason of the premises, has been greatly lessened in value, to the great nuisance of the plaintiff's lands, and to the damage of the said plaintiff," &c. The answer denied that the defendants had wrongfully constructed their road or road-bed to the plaintiff's injury, and as to his other allegations averred ignorance and left him to prove them.

At the trial in the superior court, before *Rockwell*, J., the plaintiff put in evidence a copy of the record of a former action brought by him against these defendants in the superior court on July 31, 1867, upon a declaration in precisely similar terms, except that the quantity of soil alleged to have been detached and washed away was ten thousand feet, to which they answered admitting his ownership of the land alleged to have been injured, and alleging " that they are a railroad corporation duly authorized by law to construct the railroad mentioned in the declaration, and to take land therefor ; that by virtue of said authority they located and constructed their said railroad over land of which the land described in the declaration was parcel ; and that, if any damage was done to the plaintiff's said land by the defendants as alleged, it was damage occasioned by laying out, making and maintaining said railroad under the authority aforesaid, for which the plaintiff cannot by law maintain an action of tort against these defendants." And that record showed that at the trial of said action a verdict was returned for the plaintiff with damages in the sum of $350 ; that the jury further found that one third of said damages accrued before July 31, 1867 ; and that judg-

ment was entered on the verdict on November 7, 1868, and execution thereupon issued on November 14.

The plaintiff also, in connection with that record, offered evidence tending to prove " that for many years before 1865 there had been no injurious wearing away of his land by the river; that during that time he had maintained an abutment on the bank of the river, which had been sufficient to protect his land from injury ; that in 1865 the embankment of the defendants' railroad was built just above the bend in the river, and partly in the bed of the stream, whereby the current at high water was so changed and diverted from its former course that the abutment ceased to be any protection, and the current was brought against the plaintiff's land in such a manner as to wash away large quantities of it ; that the verdict in the former action was rendered on June 10, 1868 ; that that action was for damages to the plaintiff's land after the railroad embankment was built; that at the time of the verdict in that action there had been a little over seven surface rods of land carried away ; and that a little more than that quantity had been carried away since." And the plaintiff stated that he did not claim in this action damages for injury sustained before the former verdict, nor since the commencement of this action.

The defendants objected, that the plaintiff could not recover for damages sustained since the former action ; and that the record of the former action showed that the damages therein recovered were in full of all arising from the same cause. But the judge ruled that this action could nevertheless be maintained; the jury found for the plaintiff ; and the defendants alleged exceptions to this ruling. Other exceptions taken by them at the trial are now immaterial.

*W. Allen & D. W. Bond*, for the defendants.

*C. Delano*, (*J. C. Hammond* with him,) for the plaintiff.

GRAY, J. The embankment of the defendants was a permanent structure, which, without any further act except keeping it in repair, must continue to turn the current of the river in such a manner as gradually to wash away the plaintiff's land. For this injury the plaintiff might recover in one action entire damages, not limited to those which had been actually suffered at the

date of the writ. And the judgment in one such action is a bar to another like action between the parties for subsequent injuries from the same cause. *Troy* v. *Cheshire Railroad Co.* 3 Foster, 83. *Warner* v. *Bacon,* 8 Gray, 397, 402, 405.

This case is not like one of illegally flowing land by means of a mill-dam, where the damage is not caused by the mere existence of the dam itself, but by the height at which the water is retained by it, according to the manner of its use from time to time, as in *Staple* v. *Spring,* 10 Mass. 72, and *Hodges* v. *Hodges,* 5 Met. 205. Nor is it the case of an action against a grantee who, after notice to remove it, maintains a nuisance erected by his grantor, as in *McDonough* v. *Gilman,* 3 Allen, 264, and *Nichols* v. *Boston,* 98 Mass. 39.

The objection that the plaintiff could not recover for damages sustained since bringing his former action was therefore well taken; and as this objection is fatal, it is unnecessary to consider the other exceptions alleged.          *Exceptions sustained.*