## JOHN H. FOWLE *vs.* NEW HAVEN & NORTHAMPTON COMPANY.

In an action against a railroad corporation for the construction of its road-bed in such a manner as unnecessarily to turn the current of a stream against the plaintiff's land and wash away his soil, the plaintiff may recover for prospective as well as past injury; and a recovery of prospective damages will bar an action for subsequent damage, though caused by an unusual freshet.

TORT for damage caused by the construction of the defendants' road-bed in such a manner as to turn the current of Mill River, in Northampton, against the plaintiff's land, thereby causing the washing away of the soil.

After the defendants' exceptions were sustained, as reported 107 Mass. 352, the action was again tried in the Superior Court, before *Brigham*, C. J., when the plaintiff offered evidence that the defendants, about the year 1855, constructed their railroad along the north bank of Mill River, in Northampton, on piles; that the row of piles nearest the river-bed was driven just within the lower embankment of the river on the northerly side; that at ordinary stages of water in the river, the current never overflowed the lower embankment; that by means of a breakwater constructed along the left bank of the stream against the plaintiff's land this embankment, for forty years prior to 1867, had been protected against the encroachment of the water, whatever may have been the height of the river; that this lower embankment was three or four feet above the water at ordinary stages, but that the river was subject to occasional freshets, when the lower river-bed and embankment were overflowed; that then the water sometimes rose as high as twelve or fifteen feet above its ordinary

level; that then the current swept round more to the north and east, being confined within a basin and restrained in its circuit by higher and well defined banks, which were protected by the breakwaters; that for some ten years after the defendants' road was built the track between South Street and the plaintiff's land was supported on piles; that at no time within this period was the water at high stages prevented from taking the outward course it had always taken; that then the plaintiff's land was uninjured; that about the year 1866 the defendants filled in with earth between the piles, with the exception of an opening a few feet in width, and filled in on both sides of the piles wide enough for double tracks and turnouts, and to such an extent into the river-bed, that from ten to fourteen feet of the width of the ordinary river-bed was occupied with solid railroad embankment; that in consequence of this narrowing of the river-bed, and this preventing of the sweep of the current outwardly, the current, when there was a freshet, was driven forcibly against the plaintiff's land, and in a high freshet in 1867, did the damage for which the plaintiff's first suit was brought; that there was no other damage to the plaintiff's land till a freshet in the fall of 1869; that for this last damage the present action was brought; that there had been two or three freshets since which did no material damage; that the defendants, to guard their road-bed against the action of the current on the southerly side and near the plaintiff's land, had faced the embankment of their road-bed with broken stone up high enough to protect it against the usual freshets of Mill River, and against back water from freshets of the Connecticut River, but that there were occasional freshets on Mill River which arose above this stone facing; that when this was the case the plaintiff's land suffered from the action of the current.

The defendants relied on the former judgment (the substance of the record of which is stated in the opinion) as a bar to the present action. And the plaintiff relied on it to show that the defendants' road-bed was so constructed as to be a nuisance to the plaintiff, and contended that upon the recurrence of every new damage occasioned by freshets he was entitled to a new action.

The presiding judge ruled *pro formâ*, that the judgment in the former action was a bar to this action, and it was agreed that upon the foregoing evidence the case should be reported to this court, and that if upon the foregoing evidence the action could be maintained the case should stand for trial upon the question of damages only.

*C. Delano*, (*J. C. Hammond* with him,) for the plaintiff.   The case as decided in 107 Mass. 352, turned wholly on its analogy to the case of *Troy* v. *Cheshire Railroad Co.* 3 Foster, 83.   In that case, and under the New Hampshire Statutes, (St. 1847, *c.* 484, § 1,) it was held that a railroad, which by the construction of its permanent road-bed had displaced a town bridge and made a new highway at that point inevitable, might be sued by the town as for a perpetual injury, and full damages recovered in the first instance.   There the ultimate damages were all directly discernible, and the plaintiff, by his election to claim and sue for them *in solido*, exercised such an election as might well estop him from all further claim for damages ; but in this case the plaintiff could not in his first action be held to anticipate all future damages, and upon suffering further injury he is entitled to his further action *toties quoties.   Troy* v. *Cheshire Railroad Co.* 3 Foster, 83, 102. Railroad corporations, and all corporations organized for the construction of public works, are held to a strict exercise of their chartered privileges ; if they exercise their authority and commit nuisances, they are liable for every nuisance and every repetition of a nuisance.   There is nothing so permanent, in the nature of the structures they build, as to afford an immunity from the ordinary remedies at law.   *Attorney General* v. *Leeds Corporation*, L. R. 5 Ch. 583.   *Corning* v. *Troy Iron & Nail Factory*, 40 N. Y. 191.   *Fletcher* v. *Rylands*, L. R. 1 Exch. 265, 280 ; *S. C.* L. R. 3 H. L. 330.   *Imperial Gas Light Co.* v. *Broadbent*, 7 H. L. Cas. 600.   *Ware* v. *Regent's Canal Co.* 3 De G. & J. 212.   *Attorney General* v. *Ely, Haddenham, &c. Railway Co.* L. R. 6 Eq. 106.   *Trafford* v. *The King*, 8 Bing. 204.   *Lawrence* v. *Great Northern Railway Co.* 16 Q. B. 643.   *Boughton* v. *Carter*, 18 Johns. 405.   *Hooker* v. *New Haven & Northampton Co.* 14 Conn. 146.   *Gardner* v. *Newburgh*, 2 Johns. Ch. 162.   *Hatch* v. *Ver-*

*mont Central Railroad Co.* 25 Vt. 49, 67. *Mellen* v. *Western Railroad Co.* 4 Gray, 301. *March* v. *Portsmouth & Concord Railroad,* 19 N. H. 372. *Biscoe* v. *Great Eastern Railway Co.* L. R. 16 Eq. 636. Kerr on Injunctions, 391. 1 Redfield on Railways, (3d ed.) 333, 334. The defendant corporation by narrowing the bed of an ancient watercourse, and leaving no waste-ways for high water, was a wrongdoer at common law, having no justification under any statute, and guilty of repeating and perpetuating a nuisance, and the plaintiff is entitled to recover fresh damages for each new encroachment of the water and disruption of his land. *Estabrooks* v. *Peterborough & Shirley Railroad,* 12 Cush. 224. *Proprietors of Locks & Canals* v. *Nashua & Lowell Railroad,* 10 Cush. 385. *Mellen* v. *Western Railroad Co.* 4 Gray, 301. *Lawrence* v. *Fairhaven,* 5 Gray, 110. *Perry* v. *Worcester,* 6 Gray, 544. *Parker* v. *Lowell,* 11 Gray, 353. Every recurring disruption by a new freshet is a fresh nuisance. 3 Bl. Com. 220. *Vedder* v. *Vedder,* 1 Denio, 257, 261, and cases cited. *Brown* v. *Cayuga & Susquehanna Railroad,* 2 Kernan, 486. *Cott* v. *Lewiston Railroad,* 36 N. Y. 214.

*D. W. Bond,* (*H. H. Bond* with him,) for the defendant.

COLT, J. The injury for which the plaintiff seeks to recover damages is caused by the erection of a permanent embankment along the margin of Mill River, by which the current of that stream is at times thrown upon his land. The embankment was constructed by the defendant corporation under its chartered powers for the support of tracks which were originally built upon piles.

The defendant relies upon the record of a former judgment between these parties as a bar to this action. The judgment was upon a declaration precisely similar in its allegations to those here made, except that a less quantity of soil is stated to have been washed away. In each declaration, the amount of land carried away is stated, followed by a charge that the residue of the plaintiff's land has, by the changes produced in the current of the stream, been greatly lessened in value. The record in the first action showed that the plaintiff was not limited to the recovery of damages which had actually accrued before the date of the

writ, but took judgment for an amount, only the smallest portion of which was for such damages.

It was decided upon exceptions taken at the first trial of tne present case, that the plaintiff might recover entire damages in one action for an injury occasioned by a permanent structure of this description, and was not limited to those which had been actually suffered at the date of the writ; and therefore that the judgment in the first action was a bar to a new action for subsequent injuries from the same cause. 107 Mass. 352. A new trial was ordered, and the case comes up again on a report from the Superior Court. The only question is whether the evidence offered at the last trial ought to take the case out of the rule above stated.

The fact that since the verdict in the former action an additional portion of the plaintiff's land has been washed away by a freshet which occurred in 1869 is the only new fact offered which might not have been properly put in evidence to increase the damages in the original suit. The permanent character of the structure, and the fact that the plaintiff accepted damages which were assessed for the permanent injury and necessarily involved a consideration of the probable future effect upon the plaintiff's land of the changed current of such a stream in its different stages of water, remain unaffected by the evidence. The jury may have intended to compensate the plaintiff for the injury now complained of or to give him the means to protect himself against it. As a general rule, a new action cannot be brought unless there be a new unlawful act and fresh damage. There is no exception to this rule in the cases of nuisance, where damages after action brought are held not to be recoverable because every continuance of a nuisance is a new injury, and not merely a new damage. The case at bar is not to be treated strictly in this respect as an action for an abatable nuisance. More accurately it is an action against the defendant for the construction of a public work under its charter in such a manner as to cause unnecessary damage by want of reasonable care and skill in its construction. For such an injury the remedy is at common law. And if it results from a cause which is either permanent in its character, or which is

treated as permanent by the parties, it is proper that entire damages should be assessed with reference to past and probable future injury. This is the course which appears to have been taken in this case, and to allow a recovery here might subject the defendant to double damages. *Warner* v. *Bacon*, 8 Gray, 397. *Wheeler* v. *Worcester*, 10 Allen, 591, 603. *Troy* v. *Cheshire Railroad Co.* 3 Foster, 83.          *Judgment for the defendant.*