THE TEXAS & PACIFIC R. R. CO. v. JAMES LONG.

(No. 1125, Op. Book No. 2, p. 742.)

APPEAL from Wood County.   Opinion by WHITE, P. J.

§ 559. *Right to a second recovery of damages for injury done to the same property and from the same causes.* In 1873 Long sold a right of way to The Southern Pacific Railroad, of about three-quarters of a mile in length, across his tract of six hundred and forty acres of land, on condition, which was complied with, that the company would build its road upon trestles or piles from seven to nine feet high.   Lake Fork river runs through the land, and most of the land lies north and above, or up stream from the right of way.   In process of time, The Texas Pacific Railroad Company succeeded to all the franchises and rights of the Southern Pacific.   In 1878 The Texas Pacific filled in the trestles and piles with earth, and made an embankment for its road-bed.   A short time afterwards a freshet occurred in Lake Fork river, and the railroad embankment dammed up the waters to the extent that they overflowed several acres of Long's land.   Long brought suit to recover damages "for injury done to his growing crop of cotton and sugar cane, and for damages to the land," all of which were caused, it was alleged, by overflow from said embankment.   This was the first suit, and on the 17th of November, 1879, judgment was rendered in favor of Long for $166.75.   During the pendency of this first suit, another freshet occurred in Lake Fork river, and by reason of said embankment Long's land was again overflowed, and for the damages occasioned thereby he instituted his second suit on May 1, 1880.   As stated in his petition, the damages complained of consisted in damages to his land, ten or twelve acres of which, then in cultivation, were overflowed; in loss of rails, which were floated away, and damage done to the timber on the land.

To this second suit defendant pleaded in bar plaintiff's

former recovery in the first suit.  It is shown by the bill of exceptions, that, in support of this plea, defendant proved by Long himself "that the parties to the judgment and former suit were the same as those in the present suit, and that the former suit was for the recovery of damages to a part of the same tract of land as that for which a recovery is sought in this suit — said damages caused by the same railway embankment.  That the former suit was brought to recover damages for injury done to his growing crops of cotton and sugar cane, and for damages to land, all caused by a former overflow from said embankment.  That no part of the damages sued for in this case had been sustained, or had accrued to plaintiff, at the time he brought said former suit, but have all accrued since the bringing of said former suit.  That said railway embankment does not necessarily overflow plaintiff's land, but it is only in the event of very heavy rains and high rises in the water that plaintiff's land is overflowed from said embankment," etc.  This plea in bar of former recovery was overruled by the court.

§ 560.  *The judgment or decree of a court of competent jurisdiction is final as to all matters which might have been properly litigated.*  The rule is well settled that if the demand upon which the plaintiff prosecutes has been litigated in a suit previously between the same parties, it is a bar to the second action.  [Cist v. Zeigler, 16 S. & R. 282.]  The general proposition that the judgment or decree of a court possessing competent jurisdiction shall be final as to the matter determined, cannot be controverted.  The principle, however, extends further; it is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause and which they might have had decided.  [1 Johns. Cas. 436; 1 Blackf. 360.]  But it is only where the trial was on the merits, where all the matters between the parties were or could have been adjudicated, that the judgment is a bar to another action.  [Foster v. Wells, 4 Tex. 101.]

§ 561. *Nuisances which are permanent in character.*
Another rule with regard to nuisances seems to be, that
whenever the nuisance is of such a character that its con-
tinuance is necessarily an injury, and where it is of a
permanent character that will continue without change
from any cause except human labor, there the damage is
an original damage, and may be at once fully compen-
sated, since the injured person has no means in his power
to compel the individual doing the wrong to apply the
labor necessary to remove the cause of injury, and can
only cause it to be done, if at all, by the expenditure of
his own means. [Freeman on Judgments (2d ed.), § 242.]
A railroad must be regarded as permanent in its nature,
and not as intended to effect some temporary purpose,
after which it is to be discontinued. The damage occa-
sioned, therefore, to a roadway and bridge by the construc-
tion of a railroad track over them must be estimated for
a permanent appropriation. Parties affected by such ap-
propriation are entitled to recover at once their full dam-
ages, and if they recover any part they cannot further
recover in a subsequent action. [Id.; Town of Troy v.
Cheshire R. R. Co. 3 Foster, 83.] Mr. Pierce says: "But
where the injury is necessarily of a permanent character,
such as the flooding of lan l caused by the company's
structures, or the depreciation of the adjoining owner's
property by the laying of its tracks on the highway, the
damages recoverable in an action of trespass will include
the entire injury, and the judgment will be a bar to ac-
tions of subsequent injury from the same cause." [Pierce
on Railroads, p. 230.] Where the damages are of a per-
manent character, and go to the entire value of the estate
affected by the nuisance, a recovery can be had of the en-
tire damages in one action. [Wood on Nuisances, § 856.]

Now, it is to be noted that one of the claims asserted
in the first suit was damages to his land. Under the
above authorities, he could have sued for the entire value
of the portion of the land affected, and under the ruling
in Foster v. Wells, *supra,* if he could have litigated and

recovered the entire value of the land, but failed to do so, nevertheless he is barred from another action growing out of the same causes and involving the same land. The case of Fowle v. New Haven & North Hampton Company is a case almost identical in most of its features. In that case the injury for which plaintiff sought to recover damages was caused by the erection of a permanent embankment along the margin of Mill river, by which the current of that stream was at times thrown upon his land. The embankment was constructed by the defendant corporation under its chartered powers for the support of tracks, which were originally built upon piles. The defendant relied upon the record of a former judgment between the parties as a bar to the action. It was decided, upon exceptions taken at the first trial, that the plaintiff might recover entire damages in one action for an injury occasioned by a permanent structure of this description, and was not limited to those which had been actually suffered at the date of the writ, and therefore that the judgment in the first action was a bar to a new action for subsequent injuries from the same cause. [107 Mass. 352.]

The defendant's plea in bar was good, and should have been sustained.

October 29, 1881.        ·        Reversed and remanded.