# FIFTH NAT. BANK *v.* NEW YORK ELEVATED R. CO.

*(Circuit Court, S. D. New York.   August 10, 1886.)*

1. DAMAGES—EVIDENCE OF — VARIANCE BETWEEN PLEADING AND EVIDENCE, WHEN ADMISSIBLE—CODE N. Y §§ 544, 539.
   Evidence of damage accruing after the commencement of the action, and before the time of trial, is admissible when it has not misled the adverse party.

2. SAME—INJURY TO PROPERTY—EVIDENCE—QUESTION FOR JURY.
   In an action for damages for the erection of a building in front of a banking-house, it may be submitted to the jury to find how much less that part of the building used for banking purposes was worth as a bank on account of said structure.

3. LIGHT—EASEMENT IN—OBSTRUCTION OF LIGHT BY ERECTION OF BUILDING.
   It is not error to exclude evidence to show that, if the buildings on the opposite side of the street from plaintiff's building were raised as high as the law and ordinances of the city allow, defendant's structure would not intercept any direct rays of the sun towards plaintiff's building.

4. EVIDENCE—RELEVANCY.
   Where the question submitted to the jury was as to injury to the use of a building during a certain time, caused by the construction of a railroad, evidence to show that the general value of the building was increased thereby is not admissible.

At Law.

*W. F. McRee* and *W. H. Arnoux,* for plaintiff.

*Henry H. Anderson,* for defendant.

WHEELER, J.   This is an action to recover damages for the erection of the defendant's railroad track and station-house in front of the plaintiff's banking-house at the corner of Twenty-third street and Third avenue, in the city of New York.   It has been once before tried, with a verdict for the plaintiff, which was set aside, and a new trial granted.   24 Fed. Rep. 114.   It has now been heard on a motion by the defendant for a new trial for alleged errors in law occurring on the second trial.

The first ground urged for granting the motion is that it was error to admit evidence of damage to the plaintiff accruing after the commencement of the action.   This evidence was admitted without objection.   The defendant reserved no question about it until the evidence was all in, and the charge to the jury was reached.   Then the court charged the jury that if the plaintiff was entitled to recover damages for the erection of the tracks and station-house in the street in front of the bank building, it would be entitled to recover the amount shown by the evidence, down to the time of trial.   To this part of the charge the defendant excepted, and the correctness of it is a question in the case.   The plaintiff's right of recovery was strictly and carefully limited to damages caused by the structure itself, as it was originally constructed, and nothing was allowed in addition for the consequences of the use of it for the running of trains, or anything done from day to day.   It was all directly connected with the first wrong.   By section 544 of the Code of Procedure of New York,

under which this action was brought, it is provided that the court may, and in a proper case must, permit a supplemental complaint, answer, or reply, alleging material facts which have occurred after a former pleading, which, of course, would be after suit brought. In section 539 it is enacted that a variance between pleadings and proof is not material, unless it has actually misled the adverse party; and, by section 540, that where the variance is not material, as prescribed in section 539, the court may direct the fact to be found according to the evidence. If the continuance of the structure after the commencement of the action by the summons, or after the filing of the complaint, was material to a recovery for its continuance, it would seem that it could have been brought in by amendment, under section 544. There was no claim that the defendant was misled by this evidence. The evidence on its part, as well as that on the part of the plaintiff, covered the whole time, and there was no ground for such claim. The evidence was in the case, and as there might have been pleadings which would have made it admissible, if not admissible without more, the variance between it and the actual pleadings was immaterial, within the provisions of section 540. The court was therefore permitted by that section to do what was done, and what was excepted to, namely, to direct the fact to be found according to the evidence; and it would appear to be improper not to either do that, or order an immediate amendment. *New York Mut. Life Ins. Co.* v. *Armstrong,* 117 U. S. 591; S. C. 6 Sup. Ct. Rep. 877. And this works no wrong to the defendant, if the claim for damages prior to the commencement of the action was properly tried; for there was no difference between what occurred before and what occurred after, either upon the evidence or the manner of submitting it to the jury. The recovery here will be a bar to any other action for what is embraced within this recovery. *Windmuller* v. *Robertson,* 23 Fed. Rep. 652; *Fowle* v. *New Haven & Northampton Co.,* 112 Mass. 338.

A new trial for this would not give the defendant the benefit of any different principles as to its liability, but would merely give it another chance before a jury, which, of course, it should have if legally entitled to it, but otherwise not. These considerations make it unnecessary to consider whether, in a case like this, where what was done was done wholly outside the plaintiff's premises, and was completed before the commencement of the suit, the recovery should be to the time of trial, or only to the commencement of the action. There are many cases where the question was whether the damages for the permanent injury to the property—as if the nuisance should always remain —were recoverable or not, but this precise question does not appear to have been often decided, and is not free from difficulty. *Everson* v. *Powers,* 89 N. Y. 528; *Backhouse* v. *Bonomi,* 9 H. L. Cas. 503; *Fowle* v. *New Haven & Northampton Co.,* 112 Mass. 338; Mayne, Dam. 59–64; *Uline* v. *New York Cent. & H. R. R. Co.,* 4 N. E. Rep. 536, (New York court of appeals, January 19, 1886.)

The next question is as to the right of the plaintiff to recover for the injury to that part of the building occupied by itself for banking purposes. It is argued that the inconveniences were to the persons employed, and not to the plaintiff bank, as such. The court, in substance, submitted it to the jury to find how much less the use of this part of the building was worth as a bank on account of this structure. This seems to be covered by *Baltimore & P. R. Co.* v. *Fifth Baptist Church*, 108 U. S. 317, S. C. 2 Sup. Ct. Rep. 719, where it was held that a religious corporation was entitled to recover damages for interference with its comfortable enjoyment of its house of worship. It is said in argument that no damages were proved except as to additional cost of gas, in this respect. But the situation of the plaintiff was shown, and what was done by the defendant, from which it was competent for the jury to infer the damages. It is not claimed that they were led by partiality, passion, or prejudice about this.

The next question is as to the exclusion of evidence to show that if the buildings on the opposite side of Third avenue were raised as high as the law and ordinances of the city allow, the defendant's structure would be in their shadow during all the time that the plaintiff's building is in its shadow, so that it would not intercept any direct rays of the sun towards that building. The admissibility of this evidence rests upon the claim that because others have a right to do what would shade the plaintiff's building the defendant is not liable for shading it to the extent of that right. The defendant, however, does not have, or stand at all upon, the rights of these other persons. The buildings were not raised to that height, and the plaintiff would have enjoyed the light which the defendant's structure did intercept, but for that structure which the defendant, as against the plaintiff, had no right to erect. There is no ownership in light itself, as it is diffused, and the jury has not awarded anything to the plaintiff for what belonged to any one else. This evidence would not have shown that the injury was to others, and not to the plaintiff.

The next question is as to the admissibility of evidence to show that the general value of the plaintiff's building was increased by the building of the defendant's road. The injury to the permanent value of the building was not on trial. The question submitted to the jury was as to the injury to the use of the building during the time in question. No evidence offered bearing upon that question was excluded. The evidence on both sides was full as to the value of the use without the road there, in comparison with that value with the road there; as to that value before the road was built, and after the road was built.

Finally, the defendant claims that a verdict should have been directed for the defendant. The case has not been allowed to go beyond, if it has not been narrowed within, the principles laid down by the majority of the court in *Story* v. *New York Elevated R. Co.*, 90

N. Y. 122. That case has controlled this as to the extent of the plaintiff's rights and of the defendant's liabilities.

Motion for new trial overruled, stay of proceedings vacated, and judgment to be entered on the verdict.