# COOPER *v.* SILLERS.

INSTRUCTIONS TO JURY; PREJUDICIAL ERROR; PARTY WALLS; NEGLIGENCE; DAMAGES; APPEALS.

1. In an action to recover damages for the negligent use of a party wall, it is not prejudicial error for the trial court to refuse an instruction asked by the defendant to the effect that the use by the defendant of the wall contrary to the building regulations would not of itself impose any liability on the defendant, where in the charge the court tells the jury that there is nothing in the regulations which applies to walls which, like the one in question, were built before the regulations were promulgated.

2. One who has negligently used a party wall is liable not only for damages resulting prior to the time when he relieved the wall of the strain he put upon it by his building, but also for all damages directly or proximately resulting from the injuries inflicted.

3. Damages which accrue after the institution of the suit are recoverable, where they are the natural and proximate consequences of the act complained of. Actual damages in such cases are assessable up to the date of the verdict.

4. Reversible error is not committed by the rejection of a special instruction to the jury, where the court in the charge instructs the jury as asked in the special instruction.

5. One who obtains a building permit upon the representation that a party wall which he seeks to use is a 13-inch wall, and who, during

the construction of his building, and after imposing the weight of his partially constructed building on the wall, discovers that it is a 9-inch wall, is guilty of negligence and liable for the resulting damages.

6. Only errors will be considered on appeal which have been properly assigned, and which have been called to the attention of the trial court and ruled upon, and to which exceptions have been taken.

7. A motion by the appellee to dismiss the appeal for neglect of the appellant to comply with the requirements of the rule of court in filing his brief will not be considered, when not presented before the argument and submission of the case.

No. 1795.   Submitted February 11, 1908.   Decided March 10, 1908.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action for damages for the negligent use of a party wall.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This action was brought in the supreme court of the District of Columbia by the appellees, Ellen Sillers (widow), Robert F. Sillers, Frederick Sillers, Elsie L. Sillers, Basil Sillers, Fannie Sillers, and Ellen Sillers, plaintiffs below, against the appellant, George S. Cooper, for damages alleged to have been sustained by them as the result of the use of a party wall. It appears that the appellees are the owners and in possession of premises No. 313 H street, northwest, in the city of Washington. Appellant secured a permit for the construction of an apartment house upon the adjoining lot, and, in the construction of said apartment house, sought to use the wall of appellees' house as a party wall. In securing the permit for the construction of his building, appellant represented that the party wall was a 13-inch wall. He proceeded with the construction of his building, and did not discover, until he had erected his building to the level of the fourth floor of appellees' house, that the party wall was a 9-inch, instead of a 13-inch, wall. The attention of the inspector of buildings of the city was then called to this

fact, and, upon inspection, appellant was required to construct a steel structure to support his building, and thereby relieve the party wall from the pressure occasioned by his building.   It is alleged, and considerable testimony offered in support of the charge, that the wall was damaged and cracked as a result of its use in constructing appellant's building.   The case was tried to a jury in the court below, and a verdict was rendered for the appellees in the sum. of $1,500.   From that judgment, appeal was taken to this court.

The court instructed the jury, in substance, that the building regulations of the city could not apply to this case, as they were passed since the erection of the wall; that it is conceded that the Sillers wall is a party wall, hence it is a case only dealing with a wall in existence at the time the building regulations came in force; that appellant had an equal right with the appellees to make a reasonable use of the wall; that it is not sufficient to find that appellant used the wall, or that his use broke the wall, unless it is also found that the use was an unreasonable one, for if appellant was only making a reasonable use of the wall, and it broke by reason of an existing defect, he would not be liable; that the question of reasonable use is one for the jury; that if the use made of the wall was unreasonable, and such a use as a prudent man would not have made of a 9-inch wall, and damage resulted, appellant would be liable for such damage; that if appellant negligently subjected this 9-inch wall to undue weight, and it was damaged, since appellees had abandoned all claim for depreciation in the value of their building as a place of residence, the jury can only consider, if they find appellant liable, the reasonable cost of restoring the physical condition of the house, in so far as it has been damaged by the negligence of the appellant; that exemplary or punitive damages cannot be imposed; that the measure of damage can only be the cost of restoring the premises to as good condition as they were in before the injury; and that the burden is on the appellees to prove that appellant was not only negligent, but that his negligence caused the injury.

Appellant offered the following prayers, requesting the court to instruct the jury accordingly, which request the court denied:

"1. The jury are instructed that upon all the evidence in this case the plaintiffs are not entitled to recover, and that their verdict should be in favor of the defendant.

"2. The jury are instructed, as a matter of law, that even if they find from the evidence that the defendant used the party wall referred to in this case, contrary to the provisions of the building regulations, that fact alone would not impose any liability upon the defendant in favor of the plaintiff.

"3. If the jury find from a preponderance of all the evidence that on or about the 30th day of September, 1900, the defendant by erecting the steel frame or structure relieved the plaintiffs' west wall from all weight of the defendant's adjoining building, then they are instructed that if they find in favor of the plaintiffs the jury are limited in awarding damages to the consideration of such negligence, if any they find on the part of defendant, as occurred between the date of the use of plaintiffs' wall and the date when, if they so find, it was relieved of all burden in carrying the weight of defendant's building.

"4. In no event can the plaintiff recover for damages, if any shall be found, beyond the date of filing the original declaration in this action.

"5. The jury are instructed that if from all the evidence they find that no injury to the Sillers wall resulted from the imposition thereon of weight from the Cooper building constructed as from the evidence they find it to have been constructed, then they are instructed that so far as the plaintiffs' claim that undue actual strain or weight was imposed by defendant's building they are not entitled to recover for any damages alleged to have resulted from such use of the Sillers wall by the defendant as they find was actually made, and in respect to damages from weight or strain their verdict should be in favor of defendant.

"6. The jury are instructed that there is not in this action, in view of the amendment of the pleadings, any definite basis for computation of damages, either in respect of weight or strain, or in respect of breaking of the wall of the Sillers house

by the insertion of joists therein, even if they should find that such breaking occurred or that undue weight or strain was imposed."

The refusal of the court to give these instructions constitutes the sole error complained of by appellant.

*Mr. John Ridout* for the appellant.

*Mr. Henry E. Davis* and *Mr. Edwin Forrest* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Reviewing briefly the instructions requested, we are of the opinion that the first one was properly refused, for the reason, as we shall observe later, that there was, in our opinion, sufficient evidence offered to justify the court in submitting the case to the consideration of the jury. As to the second prayer offered by appellant, and refused, the court, in its own instructions, charged the jury that there is nothing contained in the building regulations of the city which applies to party walls existing at the time of the passage of these regulations. The appellant could, therefore, be in no wise prejudiced by the refusal of the court to grant his instruction. The court, however, gave the instruction requested by appellant, omitting therefrom the words "contrary to the provisions of the building regulations." In the third prayer requested by appellant it was sought to instruct the jury to the effect that if they found that the appellant had been negligent they could only award damages for such injuries as appellees suffered from the use of the wall between the date when appellant first used the wall and the date when it was relieved of the burden of carrying the weight of appellant's building. This request does not state the law. The appellant, if liable at all, was liable not only for the damage that accrued during that period, but for damages that directly or proximately resulted from the injuries inflicted. The fourth prayer requested by appellant was likewise properly refused, for the reason that it is not a correct statement of t . .

law.   It is well settled that, though damages accrue after the
institution of the suit, they may be recovered, provided they are
the natural and proximate consequences of the act complained
of, and do not themselves constitute a new cause of action.
Actual damages in such case are assessable up to the date of the
verdict.    *Wilcox* v. *Plummer,* 4 Pet. 172, 7 L. ed. 821; *Fifth
Nat. Bank* v. *New York Elev. R. Co.* 28 Fed. 231; *Fowle* v.
*New Haven & N. Co.* 107 Mass. 352; *Cooke* v. *England,* 27
Md. 14, 34, 92 Am. Dec. 618.   The fifth prayer requested by
appellant was fully covered in the general instructions of the
court, given on its own motion, to the effect that, before the
jury could return a verdict against the appellant, it must find
that actual damage was sustained by the appellees by reason
of the construction of appellant's building.   The mere imposing
of weight and strain upon a wall, in the absence of any damage
resulting therefrom, would not render the appellant liable for
damages to the appellees.   We think this point was fully covered
by the court in its own instructions.   The sixth prayer offered
by appellant was properly refused, for the reason that it was
equivalent to instructing the jury that, under the pleadings
and evidence in the case, they should return a verdict for the
appellant.   As before stated, we are of the opinion that there
was ample evidence, as disclosed by the record, to justify the
court in submitting this case to the jury, and that it would
have been error for the court not to have so submitted it.

The evidence offered on behalf of appellees tends to show
that when appellant, in constructing his building had reached
the height of appellees' house, the appellant first discovered
that the party wall was only a 9-inch wall.   He then, in con-
formity with the requirements of the building inspector of the
city, erected a steel frame or steel support to relieve the weight
imposed by his building upon the party wall.   It also appears
that, during and after the erection of appellant's building, the
wall in question was injured, cracked, and made to settle.
Evidence was produced to show that, prior to the erection of
the building of appellant, the wall and premises of the ap-
pellees were in good condition and repair, as also were the ceil-

ings, doors, and flooring thereof. The evidence also tended to establish that, by reason of the construction of the building of the appellant, not only the wall, but the doors, windows, ceilings, and other parts of appellees' house were damaged. The damage to appellees' building was estimated by the witnesses at from $1,200 to $1,500.

The appellant offered evidence to show that the weight which had been imposed upon the wall was not greater than a 9-inch wall in good condition could bear without injury. He also produced evidence to show that the cracks found in the wall were old ones, due to the age of the building, and had not been occasioned by the construction of appellant's building. Appellant admitted that he did not discover that it was a 9-inch wall until he had constructed his building to a point on a level with the fourth floor of appellees' house.

We are of the opinion that appellant, by securing a building permit alleging therein that the party wall was a 13-inch wall, and by his admission that he did not discover that it was a 9-inch wall until he had constructed his building to a point on a level with the fourth floor of appellees' house, was thereby guilty of negligence. The negligence consisted in not ascertaining, before securing a building permit, the thickness of said wall, and in not making any investigation as to its thickness or condition, until he had imposed the weight upon it which, according to the evidence disclosed by appellees' witnesses, produced the alleged damage. Negligence being established, the liability for damage as a result of that negligence follows. It is conceded that inasmuch as this wall had been constructed long prior to the establishment of the building regulations within the District of Columbia, that such regulations could not apply to it.

The appellant pleaded the bar of the statute of limitations to the amended declaration. There is nothing, however, to show that this defense was insisted upon, or specially called to the attention of the court below; and the plea seems to have been entirely abandoned by appellant. There is no assignment of error upon this point. This court will only consider errors

that are properly assigned, and which have been called to the attention of the trial court, and a ruling made thereon, and to which exceptions have been taken.

A motion was filed in this court by appellees to dismiss the appeal for the reason that appellant had neglected to comply with the requirements of the rules of court in filing his brief. The motion was not presented before the argument and submission of the case. It is therefore unnecessary to consider it. It is denied.

We are of the opinion that the evidence, as disclosed by the record, is sufficient to support the verdict, and that no error was committed by the trial court in instructing the jury upon the law of the case. The judgment is therefore affirmed, with costs, and it is so ordered.                    *Affirmed.*