JANE C. MANSFIELD *vs.* HENRY W. TENNEY & others, trustees.

Suffolk.     March 19, 1909. — May 22, 1909.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Trespass*, To real estate.  *Judgment.  Damages*, In tort.  *Nuisance.  Real Action.*

In an action for trespass upon a strip of land belonging to the plaintiff by constructing upon it a part of the foundation supporting a wall of the building upon the adjoining lot on a city street, it appeared that about three years before the date of the writ the plaintiff brought an action for the same trespass, in which the presiding judge instructed the jury to take as the measure of damages the diminished value of the plaintiff's property, whereupon the jury returned a verdict for the plaintiff in a substantial sum, for which judgment was entered, and the amount was paid in full by the defendant and was received by the plaintiff.  It further appeared that since the judgment in the previous action there had been no trespass other than the maintenance of the same wall upon the plaintiff's land.  Although the case was disposed of on another ground, it was intimated that the previous judgment and its satisfaction must be a bar to this action, as the plaintiff had received full compensation for all the injury done to his property by the act of the defendant in going upon his land and erecting there this permanent structure.

If an owner of land upon a city street constructs a wall which encroaches upon the adjoining land, and the owner of the strip of land thus unlawfully built upon brings a writ of entry, in which he recovers judgment for the possession of the land on which the trespass was committed, he cannot afterwards maintain an action against the trespasser for an alleged nuisance in continuing the maintenance of the wall, because the part of the wall on the plaintiff's land belongs to him and the defendant has no right to remove it.

If an owner of land on a city street brings a writ of entry to obtain possession of a strip of land on which the owner of the adjoining lot has constructed a part of a wall, and obtains a judgment for possession and costs, on which he takes out an execution, which is returned into court when the costs have been paid by the tenant, and the demandant in his writ has set forth no claim for damages and none are awarded to him, *whether* this judgment is a bar to an action for trespass subsequently brought by the demandant in the writ of entry against the same person to recover damages for injury to his property from having the wall upon it, on the ground that full damages might have been recovered in the writ of entry under R. L. c. 179, §§ 12–16, 42, here was not considered because the facts made it immaterial.

TORT in the nature of trespass *quare clausum fregit* to recover damages for unlawfully entering a strip of land belonging to the plaintiff and building upon such land a part of a stone founda-

tion with a brick wall thereon six stories in height. Writ in the Municipal Court of the City of Boston dated March 8, 1904.

On appeal to the Superior Court the case was tried before *De Courcy,* J. The evidence tended to show that in the year 1892 the defendants erected a six story brick building with a brick wall sixteen inches thick upon granite foundations adjoining the plaintiff's estate and facing on Columbus Avenue in Boston; that the defendants' foundations encroached upon the plaintiff's property; that this encroachment was not intentional; that a writ of entry was brought by the plaintiff for the possession of the land so encroached upon, which was dated March 20, 1899; that on January 29, 1901, a finding was rendered for the demandant in that action, who was the plaintiff in the present action, for the same strip of land with the same boundaries set forth in this action; that the demandant in the writ of entry set forth no claim for damages, and none were awarded, and the defendants in the present action, the tenants in the writ of entry, made no claim for improvements and were awarded none; that execution for possession was issued on March 7, 1901; that no proceedings were taken under it further than that the tenants paid the costs and the execution was returned into court; that on February 28, 1901, the plaintiff brought an action for trespass against the defendants which was tried at the October sitting of 1903. In that action the jury returned a verdict for the plaintiff in the sum of $552.93. Judgment was entered on the verdict and execution was issued thereon. The defendants paid to the plaintiff the amount of the execution and it was returned into court and was discharged.

The defendants having made no change in the condition of the wall, the plaintiff brought the present action. The pleadings and records in the writ of entry and the first action of trespass were put in evidence, and also the charge of the judge in the first action of trespass, directing the jury to take as the measure of damages the diminished value of the plaintiff's property.

The judge ordered a verdict for the defendants; and the plaintiff alleged exceptions.

*J. T. Wilson,* for the plaintiff, submitted a brief.

*A. H. Russell,* for the defendants.

SHELDON, J.   The previous action of trespass between these parties was submitted to the jury under instructions directing them to take as a measure of damages the diminished value of the plaintiff's estate, and to return their verdict for that sum with interest up to the date of the trial.   Although each party took some exceptions to the rulings made by the judge who presided at that trial, yet none of these were prosecuted.   The jury returned a verdict for a substantial sum, judgment was entered thereon, with the acquiescence of both parties, and the amount of that judgment was paid in full by the defendants and received by the plaintiff.   There has been no other or further trespass since then, except the maintenance of the same wall upon the plaintiff's land, in the same condition in which it then was.   It must be presumed, of course, that the verdict was rendered in accordance with the directions given by the presiding judge to the jury.   Accordingly the plaintiff has received full compensation for all the injury done to her estate by the act of the defendants in going upon her land and erecting this permanent structure.   *Dickinson* v. *Boyle*, 17 Pick. 78.   Under those circumstances it is difficult to see how she can have any further compensation.   *Fowle* v. *New Haven & Northampton Co.* 107 Mass. 352, and 112 Mass. 334.

The plaintiff however contends that this is a nuisance created by the defendant, and that she is entitled as a matter of right to damages for its maintenance, regardless of what compensation she may have received in the past.   But this argument overlooks the facts of the case.   Not only has she received full compensation for the wrong done to her by the defendants, but she has recovered in a writ of entry judgment for the possession of the land upon which the trespass was committed, and this of course carried with it the right to the wall which stands upon that land.   The defendants since then have not had the right to remove that portion of the wall.   To do so would be to commit a new trespass by entering upon her land and tearing down a structure which belongs to her and with which the defendants have no right to meddle.   *Cavanagh* v. *Durgin*, 156 Mass. 466, 470.   This is not an erection upon the defendants' own land, which they have a right to remove and ought to remove because it is a nuisance to the plaintiff.   *Aldworth* v. *Lynn*, 153 Mass. 53,

56.  *Wells* v. *New Haven & Northampton Co.* 151 Mass. 46, 50.  In *Mears* v. *Dole*, 135 Mass. 508, the plaintiff was allowed only such damages as he could not have recovered in his former action.

We need not consider whether under the provisions of R. L. c. 179, §§ 12–16, and 42, the plaintiff should not have recovered her full damages in her writ of entry, or whether the effect of the judgment entered upon that writ was to bar either her present claim or that made in her former action of tort for trespass. *Raymond* v. *Andrews*, 6 Cush. 265.  *Stark* v. *Coffin*, 105 Mass. 328, 332.

The verdict for the defendants was rightly ordered.

*Exceptions overruled.*