## BLUNT vs. McCORMICK.

In case for a nuisance in obstructing the lights of the plaintiff's tenement, brought by a tenant for a year against his landlord, during the term, damages can only be given for the time which had elapsed when the suit was commenced, and not for the whole term.

ERROR from the Albany common pleas. McCormick sued Blunt in the justice's court of the city of Albany, in August, 1845, and declared in case, for that whereas the defendant demised to the plaintiff certain premises in Albany for one year from May 1, 1845, for the rent of $300, and afterwards and during the term erected certain buildings adjoining the demised premises, which shut out the light from the windows and doors of the demised premises, to the plaintiff's damage &c. Upon the general issue pleaded, the plaintiff had judgment in the justice's court and the defendant appealed to the common pleas. On the trial in that court, the plaintiff proved the demise from the defendant to himself, and that shortly after the commencement of the term, the defendant erected a building adjoining the demised premises, which to some extent obstructed the light. Evidence as to the extent of the obstruction was given by the defendant. The court charged the jury, among other things, that if the plaintiff was entitled to recover, they should give damages for the injury which he would suffer during the whole of his term. The defendant excepted and the plaintiff had a verdict and judgment.

*C. A. Rapallo,* for the plaintiff in error.

*R. D. Watson,* for the defendant in error.

*By the Court,* BEARDSLEY, J. The rule of damages laid down by the court below was erroneous. In this action the plaintiff could only recover for injuries actually sustained before suit brought, and not for supposed prospective damages. Sup-

posing the lease to contain a covenant not to obstruct the light, and the action to have been brought on such covenant, the rule of damages would be otherwise, for the covenant being a single cause of action, one recovery upon it would be an absolute bar to any future action. But a recovery in an action on the case for obstructing the light prior to the time when the action was commenced, would not bar a future suit for a continuance of the same injury. There is certainly room for a question whether any cause of action was proved in this case, but upon that no opinion is intended to be expressed. The rule of damages was erroneous, and the judgment must be reversed.

Judgment reversed.