## ORIN D. HOWELL

*v.*

## HORACE N. GOODRICH.

1. FORMER ADJUDICATION. In a suit against a physician, to recover damages for malpractice in setting the arm of plaintiff's boy, it appeared that, in a former suit by the physician against the plaintiff to recover for professional services in setting the boy's arm, the father resisted the right to recover, on the ground of malpractice, which was found against him, and a recovery had for the price charged: *Held*, that the adjudication in the prior suit was a bar to the suit by the father to recover for the alleged malpractice.

2. ACTION—*successive suits for accruing damages.* For malpractice by a physician in setting a broken arm, successive suits can not be brought from time to time, as damages in the future may be suffered, but the recovery is once for all, and may embrace prospective as well as accrued damages.

3. JUSTICE OF THE PEACE—*jurisdiction of, matter in defense in the nature of an action on the case.* In a suit before a justice of the peace to recover for professional services in setting a broken arm of the defendant's

child, the defendant may set up in defense of the action, and prove, malpractice on the part of the plaintiff, and recoup the damages growing out of the same, and thus reduce or defeat the plaintiff's claim, and the justice will have jurisdiction of the matter of defense.

4. BILL OF EXCEPTIONS—*when need not show all the evidence.* Where a former adjudication between the same parties was set up in defense of an action and found against the defendant, and the finding in this respect is alone sought to be reviewed, the bill of exceptions will be sufficient if it contains all the evidence relating to the former suit, although it may not purport to contain all the evidence given on the trial.

APPEAL from the Circuit Court of DeKalb county; the Hon. SILVANUS WILCOX, Judge, presiding.

This was an action on the case, by Horace N. Goodrich against Orin D. Howell and Leland H. Angell, to recover damages for malpractice of the defendants, as physicians, in setting a broken arm of the plaintiff's infant son. The suit was originally brought in the circuit court of Kane county, but by agreement the venue was changed to Kendall county, and afterwards to DeKalb county. A trial was had, resulting in a verdict and judgment in favor of the plaintiff and against Orin D. Howell for $250, Leland having died before the trial. The opinion states the facts as to the defense interposed below.

Mr. FRANK M. ANNIS, for the appellant.

Messrs. WHEATON, SMITH & McDOLE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action on the case, brought by Goodrich against Howell & Angell, co-partners as surgeons and physicians, to recover for alleged malpractice in treating the fractured arm of plaintiff's son. The injury was sustained in July, 1858, the boy then being about four years old. In August, 1859, Howell & Angell sued Goodrich before a justice of the peace, for their professional services in the case, the amount claimed being $25, which amount in full they recovered, and Goodrich subsequently paid on execution.

In the present action, subsequently brought for alleged malpractice in the performance of the services, Goodrich recovered, and Howell brings the case here by appeal.

The only question presented by the record is, whether the proceeding before the justice of the peace was a bar to the present suit.

Under the evidence, it is unnecessary to consider the point, whether the question of malpractice was necessarily in issue before the justice, so that the recovery there would be a bar, even if the defense of malpractice had not been set up, according to the doctrine of *Gates* v. *Preston,* 41 N. Y. 113, *Davis* v. *Talbott,* 2 Kernan, 184, and *Collins* v. *Burnett,* 46 N. Y. 490; or whether, as said in *Ives* v. *Van Epps,* 22 Wend. 155, the defendant in such case ought to have an election whether he will recoup his damages arising from the breach of the contract committed by the plaintiff, or bring a cross action. The evidence shows that the defense of malpractice was set up by Goodrich in the former case before the justice. Goodrich himself denies it in his testimony, and denies that he entered any plea. But he admits that he was present at the trial, that he stated that he had received no value, that it was a damage to him, and that the plaintiffs were guilty of malpractice; and says that he did not cross-examine the witness, Dr. Young, but that his talk with him was in a private conversation.

Dr. Young, who was a witness for the plaintiffs on the trial before the justice, testifies that Goodrich, on that trial, claimed that the plaintiffs were guilty of malpractice, and that he wanted to make that defense; that, upon cross-examination, Goodrich examined him as to whether it was not bad practice to put up the arm and treat it as the plaintiffs did. He says there was evidence showing what the treatment of the boy's arm had been, and further testified that he had examined the boy's arm previously to the trial, two or three times, at the request of Goodrich or his wife.

The justice before whom the suit was tried, testifies that, at the trial, Goodrich said he wanted to put in the plea of malpractice, no value received; that anything done was malpractice, and worse than nothing to him; that, on some one informing Goodrich that he could put in that defense under the general issue, he (the justice) understood Goodrich to say he put in that plea. The docket of the justice shows that Goodrich pleaded the general issue. The justice testifies that Goodrich cross-questioned Dr. Young as to the "way the work was done."

The testimony very clearly shows that the defense of malpractice was made before the justice, and that Goodrich examined a witness upon the subject. The recovery in that case having been for the whole amount of the claim sued for, $25, shows that it was found that there was no malpractice in the case.

That determination is conclusive between the parties upon the question. It can not be re-tried in another suit.

It is ·objected to a reversal on the ground of the verdict being against the evidence, that the bill of exceptions does not purport to contain all the evidence in the case. But it does purport to contain all the evidence as to the suit before the justice of the peace, and what took place on the trial thereof, and of the proceedings therein. As the appellant was only desirous to bring up for review that part of the case which respected the former recovery, we regard the bill of exceptions as sufficient in that respect.

It is said that a portion of the damages are for expenses of treatment of the boy's arm and loss of service accrued after the judgment before the justice, and that the evidence in respect thereto should appear, it being supposed that a fresh action would lie therefor, even if one would not lie for the damages which had accrued before the judgment. But such a distinction can not be maintained. For such a cause of action as the one sued on, there can not be successive suits brought from time to time, as damages may in the future be

suffered, but the recovery is once for all, and may embrace prospective as well as accrued damages. A failure before the justice to get any allowance made by way of recoupment for that portion of the damages which had up to that time accrued, on the ground that no malpractice had been committed, would preclude any future action for subsequently accruing damages, for the reason that it had once been decided that there was no cause of action for damages, and the question could not be re-opened.

There is no force in the objection, that the justice of the peace had no jurisdiction to render a judgment in the cause, in favor of Goodrich, for malpractice. There can be no doubt that the latter was entitled, if he so sought, to recoup in that suit whatever damages he might have sustained from unskilful treatment to the extent of the claim sued for, in order to lessen or defeat a recovery in that suit, and thus legitimately have tried the question of malpractice.

Being of opinion that the verdict was manifestly against the weight of evidence as respects the proceeding before the justice of the peace, the judgment will be reversed.

*Judgment reversed.*