'WILLIAM MILLER

v.

BERNHARD TICKER.

FORMER ADJUDICATION.—Where appellant prosecuted a suit before a justice of the peace, against appellee, and recovered a judgment for $2.25 and costs, and on that suit, the claim and account here involved, which did not exceed $200, and was in existence long before the commencement of that suit, was written out and presented for allowance as a set-off, and the justice passed upon all the matters in controversy between the parties but refused to allow appellee his claim in giving judgment, and appellee did not appeal therefrom.   *Held*, that the adjudication in the prior suit is a bar to the present action based upon the same account.

APPEAL from the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding.   Opinion filed April 18, 1884.

Mr. S. G. PARKS and Mr. H. P. SCOTT, for appellant. ·  ·

Mr. R. W. S. WHEATLEY and Mr. M. G. KELSO, for appellee.

BAKER, J.   In the fall of 1879, Kiser rented to appellee a farm for the term of two years, appellee to give one fourth of the crops raised and to make certain improvements.   He took possession and made some of the improvements contemplated by the contract.   In May, 1880, appellant purchased the farm from Kiser, and was to have the landlord's interest in the growing crops, and was to settle with appellee.   Thereupon a new arrangement was made, whereby appellee was released from moving and shedding the log barn, from grubbing up the remaining stumps, and from cleaning up a meadow in the bottom; and whereby it was also provided the

Miller v. Ticker.

landlord's rent should be one third instead of one fourth of the crops. Appellant got his third of the crops for 1880 and 1881, and the residue of the work, covered by the original contract, was never performed by appellee. The judgment of this case was in favor of appellee and against appellant, for the value of the work done and improvements made while the land was owned by Kiser and the original contract between appellee and Kiser was in force. It also appears from the evidence that in the summer of 1881 appellant prosecuted a suit, before a justice of the peace, against appellee, and recovered a judgment for $2.25 and costs; that on the trial of that suit the claim and account here involved was written out and presented for allowance as a set-off, and that the justice passed upon all the matters in controversy between the parties, but refused to allow appellee his claim in giving judgment in that case. If appellee ever had a just cause of action against appellant, it was barred by the result of the litigation before the justice of the peace in 1881. His supposed claim was in existence long before the commencement of that suit, and it did not exceed $200; and he was bound to bring it forward then, or be forever barred from suing therefor. Sec. 49, Chap. 79, R. S. 1874; Mallock v. Krome, 78 Ill. 110. But he did present the claim, and the court passed upon and refused to allow it. If he was not satisfied with the judgment rendered by the justice, he should have appealed therefrom.

The adjudication in the prior suit where this account was presented as a set-off is a bar to the present suit based upon the same account. Howell v. Goodrich, 69 Ill. 556; Hanna v. Reid, 102 Id. 596.

Moreover we are wholly unable to find in the record evidence tending to establish either an express or an implied contract on the part of appellant to pay for the work in question. Appellee himself testifies appellant never agreed to pay him for the work charged in the account, and that nothing was said by either about it at the time the lease was changed, or afterward. The evidence shows the consideration for increasing the rent from the one fourth to the one third part of the crops, was the agreement by appellee to

release the tenant from more than a moiety of the work he contracted to do on the farm.

The judgment of the circuit court is reversed, and as appellee has no cause of action, final judgment will be entered against him in this court for costs.

Reversed.