## ELIZA A. ALDWORTH *vs.* CITY OF LYNN.

Essex.   November 7, 1890 — January 9, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Action — City Waterworks — Continuing Nuisance — Statutory Remedy —*
*Prospective Damages — Evidence.*

An action for damages, sustained by a landowner through the improper erection
and maintenance of a dam and reservoir on adjoining land, is maintainable only
for those suffered at the date of the writ.

A landowner may maintain an action for damages, resulting to his land from a
dam and reservoir built by a city to supply its inhabitants with water, if the
damages arise from the negligent or improper erection and maintenance of
the same; otherwise, his only remedy is under the statute authorizing their
construction.

In an action by a landowner to recover damages occasioned to his land from the
erection of a dam and reservoir on adjoining land, evidence is competent of the
condition of the land before the dam was built.

If a landowner, who acquires title after damages have resulted to his land from
the erection of a dam and reservoir on adjoining land, threatens to sue, and
does sue, to recover damages, an assignment in writing from his predecessor in
title of all his right of action therefor is inadmissible at the trial to show bias
on the part of the plaintiff.

TORT. The first count of the declaration, so far as it need be
stated, was as follows: "And the plaintiff says the defendant
made a great pond of water near the land of the plaintiff in said
Lynn, bounded north by Walnut Street nine hundred feet; east
by land of the defendant and other land of the plaintiff five hun-
dred feet; south by land of the plaintiff nine hundred feet; and
west by land of the plaintiff five hundred feet; and so main-
tained the same on the 17th day of July, A. D. 1886, and on
divers days since, even to the date of this writ, that the wa-
ters of said pond have flowed into and upon her said land, to
its great injury."

The answer contained a general denial, and alleged that the
defendant "made the pond declared on by authority of law, un-
der the provisions of chapter 218 of the Acts of the Legislature
of the Commonwealth of Massachusetts for the year 1871." *
Writ dated April 21, 1888.

---

* This statute, which authorized the city of Lynn, for the purpose of
supplying its inhabitants with pure water, to take certain waters and all

At the trial in the Superior Court, before *Pitman*, J., there was evidence tending to prove the following facts. In 1873, the defendant city constructed a reservoir for the permanent storage of water for the use of its inhabitants, by erecting a dam on land bought by it, opposite land which the plaintiff purchased in 1886. This dam was two hundred and ten feet long and sixteen feet high, and the pond when full covered an area of sixty-seven acres, and had a capacity of two hundred million gallons, the depth of water at the dam being thirteen feet. Before this dam was built, the plaintiff's land was dry, and affected only in the usual manner by rains. After the construction of the dam and the reservoir, water percolating from the latter saturated the plaintiff's land, which consisted in part of an orchard, and also flowed a number of acres so that it was unfit for tillage purposes. In 1885, the defendant city raised the dam nine feet, so that the reservoir when full was twenty-one feet and nine inches deep at the dam, and had a capacity of four hundred million gallons. After this increase of height and size of the dam and reservoir, the water rose still higher upon the plaintiff's land, so saturating and flowing it that it could not be used either for tillage or building purposes, and the water remained upon it during all the seasons of the year.

The plaintiff contended that the reservoir and dam were permanent, and, if the jury found for the plaintiff on the question of liability, that she was entitled to recover damages for the permanent injury to her property; but the judge declined so to rule, and instructed the jury, that, if they found that the defendant was liable to the plaintiff for the injuries to her land as alleged, then she was entitled to recover damages only from the date of the conveyance to her to the date of the writ, and no more; and the plaintiff excepted.

---

water rights connected therewith, and to take and hold by purchase or otherwise, such land as might be necessary for the preservation and purity of such waters, provided in § 4: "Said city shall be liable to pay all damages sustained by any person or corporation by taking any land, water, water rights, or property, or by the constructing of any aqueduct, reservoir, or other works for the purposes aforesaid; and if any person or corporation, sustaining damages as aforesaid, cannot agree with the city upon the amount of such damages, he or it may have them assessed in the same manner as is provided by law with respect to land taken for highways."

One Mullen, a witness for the plaintiff, was asked, on direct examination, What was' the condition of the orchard with reference to water prior to the construction of the pond in 1873? The defendant objected to the question, as being too remote from the time of the reconstruction of the dam in 1885; but the judge, after the defendant had stated that it was denied that any water flowed from either the original dam or the present dam upon the plaintiff's premises, admitted the evidence merely for the purpose of showing the condition of the land prior to the erection of the original dam.

There was evidence that the plaintiff had, on many occasions, stated to agents of the defendant city that she would bring an action against it if it did not purchase her land.

Upon the plaintiff's cross-examination, the defendant, for the purpose of showing a bias upon the part of the plaintiff, offered in evidence a paper under seal, of which she had possession, given her on May 28, 1888, by her grantor, a corporation, and reciting the assignment and transfer unto her of all its claims for injury to her land, by way of trespass or otherwise, caused by the defendant city or its agents, which accrued while it owned the land; and authorizing her to sue, and to settle in any way, in its name, all of such claims, for her own use and at her own cost and expense. The judge excluded the evidence; and the defendant excepted.

It was agreed that all the facts stated and found by the court in the case of *Wilson* v. *Lynn*, 119 Mass. 174, might be taken as proven in this case. The defendant asked the judge to rule that this action could not be maintained other than by petition. The judge refused so to rule; and the defendant excepted.

The jury returned a verdict for the plaintiff; and both the plaintiff and the defendant alleged exceptions.

*H. F. Hurlburt*, for the plaintiff.

*J. R. Baldwin*, for the defendant.

KNOWLTON, J. This action is to recover damages for a use of the defendant's premises which was injurious to the plaintiff's adjoining land; or, in other words, for the maintenance of a nuisance. The plaintiff excepted to the ruling that she was entitled to recover damages only to the date of her writ, and contended that the dam and pond were permanent, and that she was entitled to damages for a permanent injury to her property.

An erection unlawfully maintained on one's own land, to the detriment of the land of a neighbor, is a continuing nuisance, for the maintenance of which an action may be brought at any time, and damages recovered up to the time of bringing the suit. *Prentiss* v. *Wood*, 132 Mass. 486. *Wells* v. *New Haven & Northampton Co.* 151 Mass. 46, and cases there cited. That it is of a permanent character, or that it has been continued for any length of time less than what is necessary to acquire a prescriptive right, does not make it lawful, nor deprive the adjacent landowner of his right to recover damages. Nor can the adjacent landowner in such a case, who sues for damage to his property, compel the defendant to pay damages for the future. The defendant may prefer to change his use of his property so far as to make his conduct lawful. In the present case, we cannot say that the defendant may not repair or reconstruct its dam and reservoir in such a way as to prevent percolation, with much less expenditure than would be required to pay damages for a permanent injury to the plaintiff's land. As was pointed out in *Wells* v. *New Haven & Northampton Co., ubi supra*, it appeared in *Fowle* v. *New Haven & Northampton Co.* 107 Mass. 352, and 112 Mass. 334, that the parties in a former suit had elected to treat the injury as permanent, and the plaintiff had accepted entire damages for the future as well as the past, and on that ground, which is adverted to in the last opinion, the case was well decided. In *Goslin* v. *Corry*, 7 Man. & G. 342, 345, where a defendant, on the trial of an action for a libel, permitted evidence to be given of damage caused after action brought, Tindal, C. J. said: " By permitting this evidence to be given, the defendant may possibly have escaped having a second action brought against him. It was, therefore, far from an impolitic thing to allow damages to be assessed for the whole cause of complaint in one action." So far as there are intimations in the successive opinions in *Fowle* v. *New Haven & Northampton Co.* which seem to make the case an authority for the plaintiff's contention in the case at bar, we are not inclined to follow them. The ruling was correct, and the plaintiff's exceptions must be overruled.

The defendant excepted to the refusal of the court to rule " that this action could not be maintained other than by petition." No question was raised upon the form of the declaration,

nor is the evidence reported.   It is therefore to be assumed that the evidence was sufficient for the maintenance of the action, if such evidence could be legitimately introduced under the pleadings.   The declaration set out a good cause of action at the common law.   The defendant alleged in justification that the pond was made and maintained under the provisions of the St. of 1871, c. 218.   If the defendant had shown that all due and reasonable precautions were taken in the construction and maintenance of the dam and reservoir, and that nothing was done wantonly or negligently, so as to cause unnecessary damage to the property of the plaintiff, the defence would have been made out.   For all damages resulting from the proper exercise of the authority given the defendant by the statute the plaintiff's remedy was by petition.   But for damages resulting from a negligent or improper construction or maintenance of the dam and reservoir, the plaintiff might recover at the common law.   It is to be assumed that the jury were so instructed, and that the evidence warranted their verdict.   *Mellen* v. *Western Railroad*, 4 Gray, 301.

The testimony of the witness Mullen was rightly received. It was proper to show the condition of the land before the original dam was built, to assist the jury in determining whether the pond had affected its condition.

The paper offered by the defendant was incompetent.   It did not show bias on the part of the plaintiff.   The defendant's exceptions must also be overruled.

*Exceptions overruled.*