## CHAPMAN v. NEWMARKET MANUFACTURING COMPANY.

A petition under the flowage act by a land-owner for the assessment of his damages cannot be maintained against one who claims no right of flowage under the act.

PETITION, under Gen. Laws, c. 141, ss. 15, 16, alleging that the defendants for "twenty years last past have kept up and improperly maintained a dam across Lamprey river," and "have within the space of three years last past rebuilt and improperly and unlawfully enlarged said dam," thereby flowing and injuring the plaintiff's land, and praying that "her past, present, and prospective damages may be assessed according to law." The defendants claimed in their answer the right to maintain their dam a foot higher than it was August 10, 1826; and they say they "intend to maintain their said dam at said height and no higher." The plaintiff concedes the defendants' right to maintain the dam at that height, but insists that they have kept it at a greater height, and have so improperly constructed it as to raise the water higher than it would be raised by a reasonably constructed dam of the same height. Two questions were submitted to the jury: (1) Is the dam more than one foot higher than it was August 10, 1826? (2) Is is constructed in an unreasonable and improper manner, so that it raises the water to a greater height than it would if properly constructed? The jury were instructed that if they should answer both or either of these questions in the affirmative, their verdict would be for the plaintiff, otherwise for the defendants. They returned a verdict for the plaintiff, assessing the damages, "past, present, and prospective," at $150. The defendants moved that judgment be arrested, which motion was denied, and the defendants excepted.

*Wiggin & Fernald* and *Edwin G. Eastman*, for the defendants.

*Frink & Batchelder* and *Samuel W. Emery*, for the plaintiff. The jury found that the defendants have no right to maintain such a dam as they are now maintaining. They have, therefore,

so constructed their dam and maintained it, that they acquire new and additional rights of flowage, over and above those acquired by purchase. If they intend to keep the dam at its present construction, they should pay the plaintiff under the flowage act for these newly acquired rights.` This element only is necessary to give jurisdiction for the assessment of damages under the flowage act,—intentional exercise of the right of flowage by one person upon the land of another for an indefinite period. The exercise of that right may be accidental and temporary; that would give no jurisdiction under this act. But where the exercise of that right is deliberate, and with the intention of continuing it, it does not matter whether it is under a claim of right or not. It is the fact that the defendants creating the flowage enjoy rights for which the plaintiff has not been compensated, and that they intend hereafter to exercise them, that gives jurisdiction under this act.

*Per Curiam.*[*]    It is not material in this case whether the mill act (Laws 1868, *c.* 20; Gen. Laws, *c.* 141, *ss.* 15–19) is an act of eminent domain, as it is held to be in this state (*Great Falls Manufacturing Co.* v. *Fernald,* 47 N. H. 444), or a regulation of water-power, as it is held to be by the federal court. *Head* v. *Amoskeag Manufacturing Co.,* 113 U. S. 9. It authorizes the defendants to flow the plaintiff's land. It also authorizes either party to bring a suit of this kind for the assessment of damages for an injury done to the land-owner by the mill-owner's exercise of his statutory right of flowage. It does not relate to the right of flowage which the defendants have bought and paid for; and it does not authorize a petition for the determination of the mere question whether the defendants have committed a tort by flowing the plaintiff's land. For the determination of that question the common law provides ample procedure in a common-law action; and for the mere tort of wrongful flowage, the common law furnishes adequate remedies at law and in equity. This statutory proceeding provides for the assessment of damages when the mill-owner exercises the flowage right given by the mill act. On this subject the pleadings in this case present no issue. On the contrary, the defendants' answer contains a disclaimer that prevents a trial of the question of damages for the exercise of the statutory right. It states explicitly what they claim and what they do not claim. It asserts nothing but a right to maintain the dam at a certain height. " The plaintiff concedes the defendants' right to maintain the dam at that height; " and the answer says that the defendants " intend to maintain their said dam at said height and no higher." This is a disclaimer of a right to flow the plaintiff's land under authority given by the mill act at the commencement

[*] See foot-note on page 80.

of this suit. If at that time the defendants had flowed the plaintiff's land more than they had a contractual, common-law right to flow it, they are liable for the tort in an action at common law. *Aldworth* v. *Lynn*, 153 Mass. 53, 57. The answer is a conclusive record that estops them from ever claiming that at the commencement of this suit they were exercising a flowage right under the mill act. That act does not empower the plaintiff to compel the defendants to buy such a perpetual right and to pay 150 per cent. for it, as a penalty for a wrongful flowage. *Town* v. *Faulkner*, 56 N. H. 255; *Hovey* v. *Perkins*, 63 N. H. 516, 526.

On the record made by the pleadings, the questions submitted to the jury were irrelevant and immaterial; there was a mistrial; and no judgment on the verdict can be rendered for the plaintiff. As the case stands, the defendants are entitled to judgment notwithstanding the verdict, and no reason appears why such a judgment should not be rendered. The plaintiff can bring a bill in equity for the determination of the height at which the defendants have acquired a right to maintain their dam for flowage purposes. In such a bill, all persons interested in the question should be joined as plaintiffs or defendants. The controversy, like that in *Gardner* v. *Webster*, 64 N. H. 520, is one not likely to be settled by many suits at law. The ground of equity jurisdiction is stated in that case, and in *Connecticut River Lumber Co.* v. *Olcott Falls Co.*, 65 N. H. 290, 390–392. If the plaintiff prefers an action at law for tort she can resort to that remedy.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.