## THE JOSEPH SCHLITZ BREWING COMPANY

*v.*

## SOPHIE COMPTON.

*Filed at Springfield November 2, 1892.*

1. NUISANCE—*action for damages therefor—when it arises—measure of recovery.* The cause of action in case of an ordinary nuisance is not so much the act of the defendant as the injurious consequences resulting from his act, and hence the cause of action does not arise until such consequences occur, nor can the damages be estimated beyond the date of bringing the first suit. It has been held, however, that where permanent structures are erected resulting in injury to adjacent realty, all damages, including prospective, may be recovered.

2. If a private structure or other work on land is the cause of a nuisance or other tort to the plaintiff, the law will not regard it as permanent, no matter with what intention it was built, and damages can therefore be recovered only to the date of the action. But in the case of permanent injury caused by lawful public structures properly constructed and permanent in their character, damages may be allowed for the whole injury, past and prospective.

3. In personal actions, damages accruing after the commencement of suit may be recovered, if they are the natural and necessary result of the act complained of, and when they do not themselves constitute a new cause of action. But in the case of nuisances or repeated trespasses, recovery can ordinarily be had only up to the commencement of the suit, for the reason that every continuance or repetition of the nuisance gives rise to a new cause of action.

4. SAME—*recovery of damages therefor, no license to continue.* There is a legal obligation to remove a nuisance, and the law will not presume the continuance of the wrong, nor allow a license to continue a wrong, or a transfer of title to result from the recovery of damages for prospective misconduct. The recovery of damages for an unlawful act, such as the erection of a private nuisance, will not render the act or the continuance of the nuisance legal.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

This is an action on the case, begun on April 17, 1890, in the Circuit Court of Sangamon County by the appellee against the appellant company. In the trial court, the verdict and judgment were in favor of the plaintiff, which judgment has been affirmed by the Appellate Court. The declaration consists of two counts. The first count alleges, that plaintiff was possessed of certain premises in Springfield, in which she and her family resided, and that the defendant towit: on April 20, 1885, wrongfully erected a certain building near said premises in so careless, negligent and improper a manner, that, on said day and afterwards, "and before the commencement of this suit," large quantities of rain-water flowed upon, against and into said premises and the walls, roofs, ceilings, beams, papering, floors, stairs, doors, cellar, basement and other parts thereof, and weakened, injured and damaged the same, by reason whereof said messuage and premises became and are damp and less fit for habitation. The second count alleges that plaintiff was the possessor, occupier and owner of said messuage and premises, in which she and her family dwelt, and the defendant, towit: on said day, caused quantities of water to run into, against and upon the same, and the walls, roofs, floors, cellars, etc., thereof, and thereby greatly weakened, injured, wetted and damaged the same, by reason whereof said premises became and were and are damp, incommodious and less fit for habitation. The plea was not guilty.

The proof tends to show, that plaintiff's building is a two-story brick building with a cellar underneath, the front room on the first floor being used as a butcher's shop and the rest of the building being used as a dwelling; that her building was erected several years before that of the defendant; that defendant's building is on the lot west of plaintiff's lot, and is about sixty feet long, having an office in front and a beer bottling establishment in the rear, and has one roof which slants towards plaintiff's property; that there are three windows on the west side of plaintiff's house, besides the three

cellar windows; that her wall is a little over two feet from the west line of her lot; that when it rains the water flows against her west wall and some of it into her windows and cellar from the roof of defendant's building; that the eave-trough is so far below the eave that the water runs over it into the windows, etc.

Messrs. PALMER & SHUTT, for the appellant:

Plaintiff's damages were limited to those accruing before suit brought, and it was error to allow evidence of injury by storms occurring after the suit was brought. *Cooper* v. *Randall,* 59 Ill. 317; *Railway Co.* v. *Hoag,* 90 id. 349; *Railroad Co.* v. *Loeb,* 118 id. 203; *Railroad Co.* v. *McAuley,* 121 id. 164; *Railroad Co.* v. *Schaffer,* 124 id. 112; *Railroad Co.* v. *Horan,* 131 id. 301; *Uline* v. *Railroad Co.* 101 N. Y. 125; *Aldworth* v. *City of Lynn,* 153 Mass. 53; *Hargreaves* v. *Kimberly,* 26 W. Va. 787.

Messrs. PATTON & HAMILTON, for the appellee:

The injury to plaintiff's property was permanent, affecting its market value. The rule of the trial court is sustained by the cases of *Railway Co.* v. *Hoag,* 90 Ill. 339, and *Railroad Co.* v. *Horan,* 131 id. 288.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

Proof was introduced of damage done to plaintiff's property after the commencement of the suit by reason of rain storms then occurring. The defendant asked, and the Court refused to give, the following instruction: "The court instructs the jury that the suit now being tried was commenced in the month of April 1890, and that they are not to take into consideration the question as to whether or not any damage has accrued to plaintiff's property since the commencement of this suit."

The question presented is, whether plaintiff was entitled to recover only such damages as accrued before and up to the

33—142 ILL.

beginning of her suit, leaving subsequent damages to be sued for in subsequent suits, or whether she was entitled to estimate and recover in one action all damages resulting both before and after the commencement of the suit.

The rule originally obtaining at common law was, that in personal actions damages could be recovered only up to the time of the commencement of the action: 3 Com. Dig., tit. Damages D. The rule, subsequently prevailing in such actions, is that damages accruing after the commencement of the suit may be recovered, if they are the natural and necessary result of the act complained of, and where they do not themselves constitute a new cause of action. (Wood's Mayne on Das. sec. 103; *Birchard* v. *Booth,* 4 Wis. 67; *Slater* v. *Rink,* 18 Ill. 527; *Fetter* v. *Beale,* 1 Salk. 11; *Howell* v. *Goodrich,* 69 Ill. 556). In actions of trespass to the realty, it is said that damages may be recovered up to the time of the verdict; (Com. Dig. 363, tit. Damages, D.); and the reason why, in such cases, all the damages may be recovered in a single action, is, that the trespass is the cause of action, and the injury resulting is merely the measure of damages. (5 Am. & Eng. Encly. of Law, page 16 and cases cited in note 2). But in the case of nuisances or repeated trespasses, recovery can ordinarily be had only up to the commencement of the suit, because every continuance or repetition of the nuisance gives rise to a new cause of action, and the plaintiff may bring successive actions as long as the nuisance lasts. (*McConnel* v. *McKibbe,* 29 Ill. 483 and 33 id. 175; *The C., R. I. & P. R. R. Co.* v. *Moffitt,* 75 id. 524; *C., B. & Q. R. R. Co.* v. *Schaffer,* 124 id. 112). The cause of action, in case of an ordinary nuisance, is not so much the act of the defendant, as the injurious consequences resulting from his act; and hence the cause of action does not arise until such consequences occur, nor can the damages be estimated beyond the date of bringing the first suit. (5 Am. & Eng. Enc. of Law page 17 and cases in notes). It has been held, however, that, where permanent structures are erected,

resulting in injury to adjacent realty, all damages may be recovered in a single suit. (Idem, page 20 and cases in note). But there is much confusion among the authorities, which attempt to distinguish between cases where successive actions lie, and those in which only one action may be maintained.

This confusion seems to arise from the different views entertained in regard to the circumstances, under which the injury suffered by the plaintiff from the act of the defendant shall be regarded as a permanent injury. "The chief difficulty in this subject concerns acts which result in what effects a permanent change in the plaintiff's land, and is at the same time a nuisance or trespass." (1 Sedgwick on Das.—8 ed.— sec. 94). Some cases hold it to be unreasonable to assume, that a nuisance or illegal act will continue forever, and therefore refuse to give entire damages as for a permanent injury, but allow such damages for the continuation of the wrong as accrue up to the date of the bringing of the suit. Other cases take the ground, that the entire controversy should be settled in a single suit, and that damages should be allowed for the whole injury past and prospective, if such injury be proven with reasonable certainty to be permanent in its character. (Idem, sec. 94). We think upon the whole that the more correct view is presented in the former class of cases. (1 Sutherland on Das. 199-202; 3 idem, 369-399; 1 Sedgwick on Das.—8 ed.—secs. 91 to 94; *Uline* v. *N. Y. C. & H. R. R. R. Co.* 101 N. Y. 98; *Duryea* v. *Mayor,* 26 Hun, 120; *Blunt* v. *McCormick,* 3 Denio, 283; *Cooke* v. *England,* (notes) 92 Am. Dec. 630; *Reed* v. *The State,* 108 N. Y. 407; *Hargreaves* v. *Kimberly,* 26 W. Va. 787; *Ottenot* v. *N. Y. L. & W. R'y Co.* 119 N. Y. 603; *Cobb* v. *Smith,* 38 Wis. 21; *Delaware & R. Canal Co.* v. *Wright,* 21 N. J. L. Rep. 469; *Wells* v. *N. H. & N. Co.* 151 Mass. 46; *Barrick* v. *Schifferdecker,* 123 N. Y. 52; *Silsby Manf'g. Co.* v. *State of N. Y.* 104 N. Y. 562; *Aldworth* v. *Lynn,* 153 Mass. 53; *Town of Troy* v. *Cheshire R. R. Co.* 23 N. H. 83; *Cooper* v. *Randall,* 59 Ill. 317; *C. & N. W.*

*Ry. Co.* v. *Hoag*, 90 Ill. 339). We do not wish to be understood, however, as holding that the rule laid down in the second class of cases is not applicable under some circumstances, as in the case of permanent injury caused by lawful public structures, properly constructed and permanent in their character. In *Uline* v. *N. Y. C. & H. R. R. R. Co. supra,* a railroad company raised the grade of the street in front of the plaintiff's lots, so as to pour the water therefrom down over the sidewalk into the basement of her houses, flooding the same with water and rendering them damp, unhealthy, etc., and injuring the rental value, etc. ; in discussing the question of the damages, to which the plaintiff was entitled, the court say : "The question however still remains what damages ? All her damages upon the assumption, that the nuisance was to be permanent, or only such damages as she sustained up to the commencement of the action ? * * * There has never been in this State before this case the least doubt expressed in any judicial decision * * * that the plaintiff in such a case is entitled to recover only up to the commencement of the action. That such is the rule is as well settled here as any rule of law can be by repeated and uniform decisions of all the courts'; and it is the prevailing doctrine elsewhere." Then follows an exhaustive review of the authorities, which sustain the conclusion of the court as above announced.

In *Duryea* v. *Mayor, supra,* the action was brought to recover damages occasioned by the wrongful acts of one, who had discharged water and sewage upon the land of another; and it was held, that no recovery could be had for damages occasioned by the discharge of the water and sewage upon the land after the commencement of the action.

In *Blunt* v. *McCormick, supra,* the action was brought by a tenant to recover damages against his landlord because of the latter's erection of buildings adjoining the demised premises, which shut out the light from the tenant's windows and doors;

and it was held that damages could only be recovered for the time which had elapsed when the suit was commenced, and not for the whole term.

In *Hargreaves* v. *Kimberly, supra,* the action was case to recover damages for causing surface water to flow on plaintiff's lot, and for injury to his trees by the use of coke-ovens near said lot, and for injury thereby to his health and comfort; and it was held to be error to permit a witness to answer the following question: "What will be the future damage to the property from the acts of the defendant?"; the court saying: "In all those cases where the cause of the injury is in its nature permanent, and a recovery for such injury would confer a license on the defendant to continue the cause, the entire damage may be recovered in a single action; but, where the cause of the injury is in the nature of a nuisance and not permanent in its character, but of such a character that it may be supposed that the defendant would remove it rather than suffer at once the entire damage, which it may inflict if permanent, then the entire damage cannot be recovered in a single action; but actions may be maintained from time to time as long as the cause of the injury continues."

In *Wells* v. *N. H. & N. Co. supra,* where a railroad company maintained a culvert under its embankment, which injured land by discharging water on it, it was held that the case fell within the ordinary rule applicable to continuing nuisances and continuing trespasses; reference was made to *Uline* v. *Railroad Co. supra,* and the following language was used by the Court: "If the defendant's act was wrongful at the outset, as the jury have found, we see no way in which the continuance of its structure in its wrongful form could become rightful as against the plaintiff, unless by release, or grant, by prescription, or by the payment of damages. If originally wrongful, it has not become rightful merely by being built in an enduring manner."

In *Aldworth* v. *Lynn, supra,* where the action was for damages sustained by a landowner through the improper erection and maintenance of a dam and reservoir by the city of Lynn on adjoining land, the Supreme Court of Massachusetts say: "The plaintiff excepted to the ruling, that she was entitled to recover damages only to the date of her writ, and contended that the dam and pond were permanent, and that she was entitled to damages for a permanent injury to her property. An erection unlawfully maintained on one's own land, to the detriment of the land of a neighbor, is a continuing nuisance, for the maintenance of which an action may be brought at any time, and damages recovered up to the time of bringing the suit. * * * That it is of a permanent character, or that it has been continued for any length of time less than what is necessary to acquire a prescriptive right, does not make it lawful, nor deprive the adjacent landowner of his right to recover damages. · Nor can the adjacent landowner in such a case, who sues for damage to his property, compel the defendant to pay damages for the future. The defendant may prefer to change his use of his property so far as to make his conduct lawful. In the present case, we can not say that the defendant may not repair or reconstruct its dam and reservoir in such a way, as to prevent percolation, with much less expenditure than would be required to pay damages for a permanent injury to the plaintiff's land."

In the case at bar, the defendant did not erect the house upon plaintiff's land, but upon his own land. It does not appear, that such change might not be made in the roof, or in the manner of discharging the water from the roof, as to avoid the injury complained of. The first count of the declaration, by its express terms, limits the recovery for damages, arising from the negligent and improper construction of defendant's building, to such injuries as were inflicted "before the commencement of the suit." The second count was framed in such a way, as to authorize a recovery of damages for the flow

of water upon plaintiff's premises from some other cause than the wrongful construction of defendant's building; and accordingly plaintiff's evidence tends to show, that the eave-trough, designed to carry off the water from the roof, was so placed as to fail of the purpose for which it was intended. It cannot be said, that the eave-trough was a structure of such a permanent character that it might not be changed, nor can it be said that the defendant would not remove the cause of the injury rather than submit to a recovery of entire damages for a permanent injury, or suffer repeated recoveries during the continuance of the injury. The facts in the record tend to show a continuing nuisance, as the same is defined in *Aldworth* v. *Lynn, supra.* There is a legal obligation to remove a nuisance; and "the law will not presume the continuance of the wrong, nor allow a license to continue a wrong, or a transfer of title, to result from the recovery of damages for prospective misconduct." (1 Suth. on Das. 199 and notes).

The question now under consideration has been before this Court. In *Cooper* v. *Randall, supra,* the action was for damages to plaintiff's premises caused by constructing and operating a flouring mill on a lot near said premises, whereby chaff, dust, dirt, etc., were thrown from the mill into plaintiff's house; it was there held, that the trial court committed no error in refusing to permit the plaintiff to prove, that the dust, thrown upon his premises by the mill after the suit was commenced, had seriously impaired the value of the property, and prevented the renting of the house; and we there said: "when subsequent damages are produced by subsequent acts, then the damages should be strictly confined to those sustained before suit brought." It is true, that the operation of the mill, causing the dust to fly, was the act of the defendant; but it cannot be said, that it was not the continuing act of the present appellant to allow the roof, or the eave-trough, to remain in such a condition, as to send the water against appellee's house upon the occurrence of a rain-storm. Nor is

appellant's house or eave-trough any more permanent than was the mill in the *Cooper* case.

In *C. & N. W. R'y Co.* v. *Hoag, supra*, a railway company had turned its waste water from a tank upon the premises of the plaintiff where it spread and froze, and a recovery was allowed for damages suffered after the commencement of the suit; but it there appeared, that the ice, which caused the damage, was upon plaintiff's premises before the beginning of the suit, and the damage caused resulted from the melting of the ice after the suit was brought. It was there said: "the injury sustained by appellee between the commencement of the suit and the trial was not from any wrongful act done by appellant during that time, but followed from acts done before the suit was commenced." Here, the water, which caused the injury, was not upon plaintiff's premises, either in a congealed or liquid state, before the beginning of the suit, but flowed thereon as the result of rain-storms, which occurred after the suit was commenced.

We think the correct rule upon this subject is stated as follows: "If a private structure or other work on land is the cause of a nuisance or other tort to the plaintiff, the law cannot regard it as permanent, no matter with what intention it was built; and damages can therefore be recovered only to the date of the action." (1 Sedgwick on Das.—8 ed.—sec. 93).

It follows from the foregoing observations, that it was error to allow the plaintiff to introduce proof of damage to her property caused by rain-storms occurring after the commencement of her suit, and that the instruction asked by the defendant upon that subject, as the same is above set forth, should have been given.

The judgments of the Appellate and Circuit Courts are reversed, and the cause is remanded to the Circuit Court.

*Judgment reversed.*