Belknap, }
June, 1900. }

### JONES *v.* WHITTEMORE.

A petition under the flowage act for the assessment of damages cannot be maintained by a landowner against one who claims no right of flowage under the act.

PETITION, by a landowner, under sections 12 to 19, chapter 142, of the Public Statutes, for the assessment of damages to her land by the use of the defendant's dam, situate on the outlet of Lake Waukewan in Meredith.

The case was heard by a committee. After a portion of the plaintiff's testimony had been introduced, the defendant moved that the bill be dismissed, on the ground that, as he did not ask to have the flowage rights under his deed extended, and did not wish or intend to exercise any flowage rights to which he did not have a clear legal title, the referees had no jurisdiction in this case. The motion was denied, and the defendant excepted.

The defendant also moved to dismiss the bill upon the ground that Lake Waukewan is a body of public and navigable water, and that the provisions of the flowage act are not applicable to any navigable waters in this state. The committee filed a report, stating the facts and assessing the plaintiff's damages, past and prospective, in separate sums.

*Stone & Shannon* and *E. A. & C. B. Hibbard*, for the plaintiff.

*Bertram Blaisdell, Jewell, Owen & Veazey*, and *Jewett & Plummer*, for the defendant.

PARSONS, J. The defendant claims that no judgment can be rendered against him in this proceeding, (1) because he does not wish or intend to exercise any flowage rights to which he has not a clear legal title; (2) because the mill act does not apply to navigable waters.

The committee find, in substance, that the operation of the defendant's dam, gates, and flash-boards during his ownership has resulted in flowing the plaintiff's land beyond the defendant's contractual or common-law right; that such operation is of public benefit and necessary, but that the same can be operated so as not to flow the plaintiff's land in excess of the defendant's legal right. The capacity of the dam to raise the water is not the measure of the right for which damages are to be assessed under the mill act, but damages are to be based upon the actual interference with and raising of the water by the proposed management of the dam and its appurtenances. The mill-owner is not required to pay for a greater right than he takes. *Town* v. *Faulkner*, 56 N. H. 255. If the mill-owner does not claim to exercise any flowage right under the mill act, he cannot be compelled to acquire or pay for a right which he does not desire to take. In such case there is no jurisdiction in proceedings under the act to determine the extent of the defendant's pre-existing legal right, or whether such right has been exceeded to the plaintiff's damage. This statutory proceeding provides for the assessment of damages when the mill-owner exercises the flowage right given by the mill act.

If the defendant's answer disclaims all right to flow the plaintiff's land under the authority of the mill act, there can be no assessment of damages upon a petition under the act. Such answer is a conclusive record that estops the defendant from claiming in an action for damages for past flowing, or at any time, that at the commencement of the proceedings he was exercising a flowage right under the mill act. *Chapman* v. *Company*, 67 N. H. 180. As the pleadings have not been transferred, it does not appear whether the claim now made was properly put upon the record. In the course of the hearing, however, the defendant moved to dismiss the bill, on the ground that, as he did not ask to have the flowage rights under his deed extended, and did not wish or intend to exercise any flowage rights to which he did not have a clear title, the referees had no jurisdiction in this case. No reason is perceived why the dismissal of the bill upon this ground, upon the defendant's request, stated in the report of the committee and in the order of dismissal, would not furnish a record as conclusive as an estoppel against the defendant in any subsequent proceeding as a formal disclaimer in the answer. If this ground was not, but should have been, taken in the answer, the question is whether leave should now be given to amend the answer. In *Pollard* v. *Moore*, 51 N. H. 188, it was held that a mill-owner, who had filed a petition under the act and been heard before a committee, could not, after the committee had reported, as of right

become nonsuit. If in the present case the defendant had not objected to the jurisdiction of the referees until after the assessment of damages, it would clearly be too late to make the claim. In *Town* v. *Faulkner*, 56 N. H. 255, 260, it was said: "It might happen that the mill-owner at the hearing would desire to stipulate for lowering his dam, or in some other way provide that less land should be flowed or damaged by maintaining it," implying that at the hearing the mill-owner might change his specification of the flowage right he proposed to take. While he cannot lie by and take the chances of a favorable award until after the damages are assessed, there is no reason why he should be compelled to purchase flowage rights he does not want, because of a mistake in pleading, or because, possibly, of a mistake as to his own rights and needs, discovered in the course of the hearing. Upon the defendant's filing an amended answer disclaiming all flowage right, under sections 12 to 19, chapter 142 of the Public Statutes, the bill will be dismissed.

As the defendant proceeded to a trial of the facts instead of insisting upon the objection that he claimed no flowage right, in which case there would have been no occasion for the reference to a committee, such order as to costs will be made in dismissing the bill as justice requires. Since the necessary result of the defendant's disclaimer is the dismissal of the petition for want of jurisdiction, the other questions raised are not material. As the dismissal of the petition upon this ground conclusively establishes against the defendant his non-exercise of any statutory flowage right, the question whether under the law and the facts he has any such right, should he desire to exercise it, is not before us. Whether the right exists is not properly considered or determined until such right is claimed and in issue.

*Case discharged.*

All concurred.