Grafton, }
Dec. 1, 1903. }

## GORDON v. INTERNATIONAL PAPER CO.

A committee appointed by the court, under chapter 229, Laws 1893, to estimate damages caused by improvements of the Ammonoosuc river and its tributaries, have no jurisdiction to assess damages resulting from the negligent, unreasonable, and unauthorized use of such improvements.

BILL IN EQUITY, praying for the assessment of damages caused to the plaintiff by the flowage of his land. The committee to whom the petition was referred, under chapter 229, Laws 1893, assessed the plaintiff's damages and reported their findings; and the questions of law arising thereon were transferred from the November term, 1902, of the superior court by *Pike,* J.

At the hearing, the defendants moved that the bill be dismissed, on the ground that the committee had no jurisdiction. The motion was denied, and the defendants excepted. The allegations of the bill and the findings of the committee sufficiently appear in the opinion.

In two other cases brought against the defendants for the assessment of damages caused by flowage, and referred to the same committee, the allegations and findings were the same in legal effect as in Gordon's action, and the same exception was taken.

*Batchellor & Mitchell* and *William H. Cotton,* for the plaintiff.

*Drew, Jordan & Buckley, Smith & Smith,* and *Scott Sloane,* for the defendants.

REMICK, J. In granting to the Fall Mountain Paper Company, by chapter 229, Laws 1893, the right " to remove rocks, floodwood, and other obstructions from the bed and banks of that portion of the Ammonoosuc river and its tributaries that are in the

towns of Bath, Haverhill, Benton, Landaff, Easton, and Wood-stock, in the county of Grafton, build piers for the purpose of attaching booms thereto, and build sluices or aprons on dams to protect the same from damage, so as to facilitate the running of logs, timber, or other lumber down said streams," and "to enter upon the bed and banks of said river and its tributaries within said towns for the above purposes, subject to the liability of pay-ing or tendering all damages caused . . . by said improve-ments or the use thereof," and in providing that if "the parties concerned cannot agree as to the amount thereof, either party may apply to the supreme court for said county, and said court shall cause said damage to be estimated by a committee of three dis-interested freeholders in said county," etc., the legislature did not intend to authorize the making or use of the improvements men-tioned in a negligent manner, nor to provide a mode of assessing damages resulting from negligence. The act "does not authorize a petition for the determination of the mere question whether the defendants have committed a tort by flowing the plaintiff's land. For the determination of that question, the common law provides ample procedure in a common-law action; and for the mere tort of wrongful flowage, the common law furnishes adequate remedies at law and in equity." *Chapman* v. *Company,* 67 N. H. 180, 181 ; *Johnson* v. *Railroad,* 35 N. H. 569, 571; *Rowe* v. *Addison,* 34 N. H. 306 ; *Dearborn* v. *Railroad,* 24 N. H. 179 ; Lewis Em. Dom., ss. 154, 482, 574.

The petition, to which we must primarily look for the grounds and purposes of the present proceeding, sets forth "that the de-fendant has been for a long time past, to wit, since the first day of February, 1898, maintaining dams in said river controlled by it to a much greater height than said company had any lawful right to do ; that by other structures, also, it has unlawfully hin-dered and prevented the waters of said river from flowing in their accustomed channel and from being properly discharged into said Connecticut river, and has caused said waters to overflow the plaintiff's land and to submerge the plaintiff's spring ; that said company has made an unreasonable use of said river for storage of logs in unreasonable quantities, and in improper places, and by dangerous and unreasonable methods ; that by reason of the said conduct of said company in the management of the waters of said Ammonoosuc river, and of its dams and other structures therein, and of the logs which it has caused to be floated, confined, lodged, and piled up therein, it has negligently and unlawfully conducted its said affairs in and along said river, and by reason of said unlawful, unreasonable, and negligent acts, said company has caused " the damage alleged.

Upon hearing this petition, the committee have found that "the defendant held back the waters of said stream, and as often as the reservoirs above were filled, discharged them in unusual quantities down said stream and into the Ammonoosuc river, whose waters were thereby caused to flow the plaintiff's land; also, by means of booms attached to the piers aforesaid in said Ammonoosuc river, the defendant has confined and held large quantities of logs in said stream for weeks at a time each year, and has thereby caused the waters of said stream to flow the plaintiff's land; . . . that the running of logs in the way and manner aforesaid, and the confining and holding of the same in the quantities aforesaid, were unreasonable uses; . . . that while the defendant's method of confining and holding its logs by means of said piers and booms was a reasonable and proper one, the quantities of logs so confined and held were unreasonable and excessive for such a stream, and such as to cause damage to the plaintiff and other private landowners, and in that respect defendant's use of said piers and of said stream as a highway was unreasonable and improper."

From the petition, and the findings read in the light of the petition, we cannot avoid the conclusion that the petition and assessment in the present case were for damage resulting, not from the reasonable and proper exercise of the rights granted by the statute, but for unreasonable, negligent, and unauthorized acts. The only thing in the record which would indicate that the assessment was for damage resulting from the exercise of authorized acts is the finding of the committee that the right to use the river in the negligent and unreasonable manner alleged and found was derived from the statute. But this finding was a conclusion of law, erroneous at that, and of no force or effect. As the proceeding, according to the record as it stands, was for damages resulting from the unreasonable, negligent, and unlawful use of the improvements authorized by the act, the committee were without jurisdiction, and the motion to dismiss should have been granted.

What rights the plaintiff may have against the defendants at common law for unreasonable and negligent use of the improvements, and under the statute for damage resulting from the making and use of the improvements in an authorized manner, we are not now called upon to determine.

*Exception sustained.*

All concurred.