### THE N. K. FAIRBANK COMPANY

*v.*

### MARY BAHRE.

*Opinion filed February 21, 1905.*

1. PLEADING—*what is a sufficient averment in absence of a demurrer.* In the absence of a demurrer, an averment in a declaration for nuisance that the noxious odors emitted from substances deposited by the defendant upon a lot adjoining plaintiff's premises "caused much sickness in plaintiff's immediate vicinity, and plaintiff and her family have been sick, sore, lame and disabled as the result of the presence of said substances," is a sufficient averment that the noxious odors came upon plaintiff's premises.

2. NUISANCE—*in case of temporary nuisance, only damages sustained before suit may be proved.* In an action for a temporary nuisance caused by depositing soap stock upon a lot adjoining the plaintiff's premises, the plaintiff's right of recovery is limited to the damages sustained up to the commencement of the suit.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

OLIVER & MECARTNEY, for appellant.

MASTERSON & HAFT, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment in the sum of $3000, entered in the circuit court of Cook county in favor of the appellee and against the

appellant company, in an action on the case brought by the appellee against the appellant company for maintaining a nuisance, and this is an appeal from the judgment of affirmance.

It is first urged that the declaration is fatally defective, and that for that reason the trial court erred in overruling appellant's motion in arrest of judgment. The declaration averred, in substance, that the plaintiff was the owner of certain premises in Cook county, Illinois, which were the home of herself and her family, consisting of several children; that the appellant company was the owner of a certain lot adjoining the property and home of the plaintiff, and that it deposited thereon large quantities of poisonous, rancid and injurious matter, all of which emitted foul, obnoxious and injurious odors, which said substances, and the odors emitted therefrom, caused the plaintiff and her family to become sick, sore, lame and disabled; that many people living in the immediate vicinity sickened and died as the result of such noxious substances and vile and unhealthy odors; that the market value of plaintiff's property had been greatly diminished by such acts of the appellant company, and that such acts were for the purpose of depreciating the value of her property, in order that the appellant company might become the purchaser thereof from her at less than its value, etc. The contention is, the declaration does not state a good cause of action, for the reason it is not, in terms, averred that the odors from the poisonous, noxious and decaying substances reached and permeated the air in and upon the premises of the plaintiff.

The appellant company did not demur, but pleaded to the declaration. The declaration averred "that the substances deposited by defendant, and the odors emitted therefrom, have caused the death of a large number of the Fairbank Company's horses and have caused much sickness in plaintiff's immediate vicinity, and plaintiff

and her family have been sick, sore, lame and disabled as the result of the presence of said substances." The careful pleader would have expressly averred that the noxious odors came unto and into the premises of the plaintiff. That such was the fact and was intended to be charged to be the fact is fairly inferable from the facts stated in the declaration. On demurrer the intendments are against the pleader, and mere inferences or implications from facts stated cannot be indulged in his favor. If, however, the defendant does not question the sufficiency of the declaration by demurrer but joins in raising an issue of fact and in submitting such issue to a jury for decision, and judgment is rendered against him, then the court will, on motion in arrest of judgment, indulge in intendments in favor of the sufficiency of the declaration, and will regard as sufficiently alleged any material fact which is fairly and reasonably inferable from facts stated in the declaration, and if the material fact is fairly inferable from the facts stated and may fairly be presumed to have been proven, the judgment will not be arrested. (*Illinois Central Railroad Co.* v. *Simmons*, 38 Ill. 242; *Pennsylvania Co.* v. *Ellett*, 132 id. 654; *Lake Street Elevated Railroad Co.* v. *Burgess*, 200 id. 628.) The court properly denied the motion to arrest the judgment.

We think the court erred in permitting appellee to prove the conditions which existed after the suit was commenced, and that damages resulted from thence up to and until the time of the trial. It appeared from the proofs that during the months of February and March, 1900, the appellant company placed the objectionable matter, called "soap stock," on a city lot belonging to it and which adjoined the appellee's home on the west. She instituted the action on the 10th day of April of the same year. The cause came on for hearing before a jury on the 19th day of November, 1902. The court held, over the objection of the appellant, that the appellee

could lawfully show that the offensive odors arising from the soap stock after the institution of the suit infected the air in her house and nauseated and sickened herself and her family and rendered her home uncomfortable and unhealthy. A number of witnesses were permitted, under this ruling, to testify as to the condition of the soap stock, in warmer and colder weather, after the institution of the suit; that it was more offensive during the summer months and less noticeable during cooler weather. The appellee did not attempt to prove that she had suffered damages in the way of the depreciation in the value of her property, but based her right to recover on the insistence that the soap stock polluted or filled the atmosphere of her home with offensive and sickening odors, which injuriously affected her health and rendered her home less enjoyable and useful than it otherwise would have been. The nuisance was temporary in character. The evidence showed that the soap stock was removed from the lot of appellant on September 22, 1900, and the nuisance thereby abated. Much of the proof related to the inconvenience and discomfort to appellee and her family occasioned by the conditions which prevailed after the institution of the suit and until the soap stock was taken away from the lot.

The view of counsel for the appellee is, that, notwithstanding the fact the nuisance was temporary in its nature, as the soap stock was all placed upon the lot before the commencement of the suit, any injury which was occasioned by the effluvia arising therefrom after the institution of the suit was recoverable in the action. We do not so understand the rule to be. Whether recovery should have been confined to such damages as have been sustained at the time the action was brought or whether future damages might also be recovered depended on whether the nuisance was permanent or temporary in character. If permanent, all damages, past,

present and future, may be proven and recovered. If temporary, only such damages can be recovered as have accrued up to the time of bringing the action. *Schlitz Brewing Co.* v. *Compton*, 142 Ill. 511; *City of Centralia* v. *Wright*, 156 id. 561; 8 Am. & Eng. Ency. of Law, (2d ed.) 680, 685.

Counsel for the appellee urge that this court in *Chicago and Northwestern Railway Co.* v. *Hoag*, 90 Ill. 339, announced and enforced the rule that any injury suffered after the commencement of the action, but which arose from or was occasioned by a nuisance which was created before the commencement of the suit, could be proven and recovered for in the action. In the *Hoag case* the railway company wrongfully turned its waste water from a tank on to the premises of the plaintiff, where it spread and froze, and at the time of the commencement of the suit covered the plaintiff's premises with ice. After the institution of the suit the ice melted and rendered the premises slippery and muddy, which greatly inconvenienced the plaintiff and was detrimental to him in the transaction of his business on his premises, and this he was allowed to prove. In that case the water, which constituted the nuisance, congealed into ice and was on the plaintiff's premises when the suit was begun, and it was properly held that the damages which were occasioned by the melting of the ice after the institution of the suit were recoverable in the action, for the reason the railway company had created a nuisance on the premises of the plaintiff which was removed by the action of the forces of nature after the institution of the suit, and in that manner damages were occasioned. In the case at bar the offensive matter from which the odors arose was not upon the plaintiff's premises. The injury was occasioned by the stench which came to her premises from the offensive matter, and the right of recovery should have been restricted to the injuries occasioned by the

noxious odors which permeated the atmosphere of her home and premises before the commencement of the suit.

In *Schlitz Brewing Co.* v. *Compton, supra,* the brewing company had so negligently and improperly constructed the roof and eave-trough of its building that when rains fell the water flowed from the roof of the building against the wall of the plaintiff's building and into the windows of the cellar of the plaintiff's building. The trial court permitted the plaintiff to prove injuries occasioned to her property by water which fell upon the roof of the brewing company's building after the beginning of the suit and flowed from thence to and against the wall of plaintiff's building and into her windows and cellar. We held in that case that the alleged nuisance was the casting of water on plaintiff's premises from the roof of the brewing company's building, which stood upon the land of the brewing company; that the nuisance might be removed by correcting defects in the construction or hanging of the eave-trough; that the nuisance was therefore temporary in character, and that the plaintiff could not be allowed to prove that water was cast upon her premises after the institution of the suit and her property damaged thereby. In that case the roof and defective eave-trough had been constructed before the beginning of the suit and remained in the same condition after the institution of the suit, but it was not permanent in character, and consequently recovery for injuries occasioned by rain storms after the institution of the suit was held not allowable in the action. So in the case at bar, the offensive matter was placed upon a lot belonging to the appellant company. It created a nuisance which was temporary in character. The injury to the appellee was caused by the stenches which arose from offensive matter on the premises of the appellant company and were carried in the air into and upon her property. Her action was to recover the damages occasioned by the tem-

213—41

porary befouling of the atmosphere of her home, and her recovery should have been restricted to such injuries as had been occasioned when her action was begun. The nuisance was temporary in its character, and when such is the case the injured party may have successive actions for the recovery of damages until the nuisance is abated, but cannot recover for injury sustained after the institution of the suit.

The judgment of the Appellate Court and that of the circuit court are each reversed, and the cause will be remanded to the circuit court for further proceedings consistent with the views here expressed.

*Reversed and remanded.*

Subsequently, on consideration of the case upon rehearing, the following additional opinion was filed:

Per CURIAM: Since the rehearing was granted in this case, we have given further consideration to the questions involved, and entertain the same views as those expressed in the foregoing opinion. Said opinion is accordingly re-adopted, and it is ordered that the same be re-filed, and that the judgment of reversal and remandment heretofore entered herein be re-entered as the judgment of this court.