Cheshire,
April 5, 1910.

### HADLOCK v. JAFFREY.

An owner of land to which a water right was originally appurtenant cannot maintain a petition for an assessment of damages caused by a diversion of the water under statutory authority prior to his acquisition of title.

PETITION, for an assessment of the value of the right to divert water from a natural stream which the defendants took in in 1902, under chapter 265, Laws 1901.  In 1905, the plaintiff bought the land to which this right was originally appurtenant.  At the request of the parties, the question whether the plaintiff can maintain this proceeding was transferred without a ruling from the April term, 1909, of the superior court by *Pike*, J.

*Doyle & Lucier*, for the plaintiff.

*Cain & Benton*, for the defendants.

Young, J. *Eastman* v. *Company*, 44 N. H. 143, on which the plaintiff seems to rely, is not in point; for that was case, and the plaintiff was the owner of the land to which the right was appurtenant, both when the defendants attempted to take it and when the action was begun.

In an action of case, the plaintiff may contest the validity of the taking (*Littleton* v. *Company*, 73 N. H. 11); but in a proceeding of this kind he admits the validity of the taking. *Wright* v. *Company*, *ante*, 3. Consequently, if the plaintiff can recover anything in this action, it must be the value of the right at the time it was taken (*Chapman* v. *Company*, 67 N. H. 180); but he cannot recover the value of that, for it never belonged to him. *Hodgman* v. *Concord*, 69 N. H. 349.

*Case discharged.*

All concurred.