## Oliver J. Bailey v. Christian Heintz.

1. NUISANCES—*Measure of Damages for.*—If the placing of obstructions in certain channels of the stream by the defendant in this case was unlawful and caused a nuisance, the law will not regard the structure as permanent, and plaintiff can for recover only such damages as had accrued prior to the bringing of the suit.

2. DAMAGES—*Held Excessive.*—The assessment of damages in this case was for the full value of the property injured, and even if prospective damages were allowable, would be unreasonable and exorbitant, as the plaintiff has not been deprived of the whole property and will not be, in any event.

3. APPELLATE COURT PRACTICE—*On Motion for Leave to File Remittitur.*—A motion for leave to file a remittitur, made after final judgment in this court, comes too late and will be denied.

Trespass on the Case, for diverting the waters of a stream. Appeal from the Circuit Court of Tazewell County; the Hon. N. W. GREEN, Judge, presiding. Heard in this court at the November term, 1896. Reversed and remanded. Opinion filed June 16, 1897. Motion for leave to file remittitur denied. Opinion filed July 8, 1897.

H. C. FULLER, attorney for appellant; WM. DON MAUS, of counsel.

J. A. WEIL and T. N. GREEN, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

Action on the case alleging that defendant unlawfully diverted the waters of a certain stream which naturally flowed across his land so that said waters were thrown upon the land of plaintiff whereby the same was damaged, etc.

Trial by jury; verdict for plaintiff $2,000, and judgment thereon, from which the defendant has appealed.

The important question of fact was whether the obstructions which defendant placed in certain channels of the stream (which channels he claims had been abandoned so that what he did merely resulted in the retention of the deposits thrown upon his land) was the substantial cause of the overflow of which the plaintiff complained.

It is not very apparent that the defendant was responsible for all the damage sustained by plaintiff, or for any considerable part of it, but as the case must be tried again no opinion need now be expressed upon that point.

Conceding all that was urged for plaintiff in this respect it is clear that the damages assessed are excessive.

The entire value of the plaintiff's property was from $1,500 to $2,000, according to his proof. The overflow complained of was for the two seasons preceding the trial, and the loss of the crops of fruit, etc., did not exceed two or three hundred dollars per annum. In view of the size of the tract, three acres, of which two were devoted to corn and other such crops, and of the character of the improvements this estimate of damage must be considered very high.

We think the plaintiff could recover only for such damages as had accrued prior to the bringing of the suit.

If the act of defendant was unlawful and caused a nuisance the law will not regard the structure as permanent. Schlitz Brewing Co. v. Compton, 142 Ill. 511.

Bailey v. Heintz.

The assessment here was for the full value of the property. Even if prospective damages were allowable, such a figure would be unreasonable and exorbitant, as the plaintiff has not been deprived of the whole property, and will not be in any event. On the contrary, if the process of filling by deposits from the annual overflow shall be continued, the land will in a very few years be more valuable than it was before. In no view of the case, as shown by the present record, can the legal damages be as great, or approximately so, as allowed by the verdict.

The judgment must therefore be reversed and the cause remanded.

OPINION PER CURIAM ON MOTION FOR LEAVE TO FILE REMITTITUR.

This is a motion by the appellee, Christian Heintz, for leave to enter a remittitur in the sum of $1,200 herein, or such sum as to the court may seem just, under the evidence and the law applicable to the case.

This was an action on the case brought in the Circuit Court of Tazewell County by appellee to recover damages from appellant, as he claims, for diverting the waters of a certain stream of water which naturally flowed across his land, so that said waters were thrown upon the lands of appellee, whereby the same were damaged.

There was a trial by jury in the court below and the verdict of the jury was for the appellee. Damages assessed at $2,000, and judgment rendered thereon for that sum. Appellant brought the case to this court by appeal. It was heard at the November term, 1896. The opinion of this court was filed June 16, 1897, reversing and remanding this cause, and the motion of appellee for leave to enter a remittitur was filed June 29, 1897.

The motion for leave to enter the remittitur comes too late. The final order and judgment of this court was entered before this motion was filed. Parties can not be allowed to speculate over the results in the administration of justice. The motion is denied.